The judgment of the district court will be reversed, and the cause dismissed; and it is accordingly so ordered.

REVERSED AND DISMISSED.

[Opinion delivered June 19, 1883.]

Associate Justice WEST did not sit in this case.

---

### R. H. WEST v. R. E. BURKE.

(Case No. 3893.)

1. COUNTY COMMISSIONERS' COURT — STATUTE CONSTRUED.— While a county court may meet and transact business in the absence of the county judge, the law does not in such case recognize any number of the county commissioners less than the whole as constituting a court. It results that any order made by three county commissioners, in the absence of the county judge, is not the order of a court, and is void.

APPEAL from Dallas. Tried below before the Hon. Geo. N. Aldredge.

*Eblen & Robertson,* for appellant.

DELANY, J. COM. APP.— The act of August 23, 1876, sec. 6 (Laws 1876, p. 286), after fixing the fees of the county judge for certain services, provides that he shall receive "for presiding over the county commissioners' court, ordering elections and making returns, and transacting all other county business not otherwise provided for, such sum as shall be allowed by the county commissioners' court."

In February, 1877, the commissioners' court of Dallas county made an order allowing to appellant as county judge $900 per annum for the services above mentioned. On the 1st day of Decem-

ber following, three of the county commissioners, assembled at a special term, revoked the preceding order by an order entered of record.

Appellant complains of this second order; and his counsel have argued here that it is invalid:

1st. Because the commissioners' court, having once made the order, could not revoke it during appellant's term of office.

2d. Because the three commissioners who made the order of revocation were not a court within the meaning of the law, and hence the latter order is null and void.

We prefer not to determine the first of these questions, as it is one of some interest, and its determination is not necessary to the decision of the case.

The constitution (art. V, sec. 18) provides that the four commissioners, with the county judge as presiding officer, shall constitute the county commissioners' court. The act to organize the commissioners' court (Laws 1876, p. 53, sec. 12) provides that any three members of the court, including the county judge, shall constitute a quorum. From section 11 of the act we conclude that this court may meet and transact business in the absence of the county judge, and in that event some other member of the court may preside. See, also, R. S., art. 1510.

Section 13 provides that the judge or any three of the commissioners may call special terms; but there is no intimation in the law that, in the absence of the judge, any number of the commissioners less than the whole shall constitute a quorum for the transaction of business.

We conclude that the three members who made the order of December 1, 1877, were not a court within the meaning of the statute, and that the order was void.

Our opinion is that the judgment should be reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion approved June 19, 1883.]