## E. L. & R. R. RY. CO. v. JOHN S. SCOTT.

(Case No. 2077)

1. PRACTICE—JUDGMENT BY DEFAULT—TIME OF RENDITION—ARTICLE 1263 REVISED STATUTES CONSTRUED—The use of the words "on or before the fifth day" in Art. 1263, R. S., in place of the words "on or before the fourth day" in Pas. Dig., Art. 1508, indicates the intention of the legislature to extend the time for filing answers beyond the limits allowed by the former law. (Ryburn *v.* Nail, 4 Tex., 305; Moore *v.* Janes, 6 Tex., 227.)

2. SAME—REVISED STATUTES, ARTICLES 1263, 1280-1282, CONSTRUED—The only construction by which the seeming conflict in Arts. 1263, 1280-1282, R. S., can be reconciled, is to hold that if, upon the call of the appearance docket on the fifth day, no answer is filed and the defendant does not ask further time, a judgment by default shall be rendered against him; but if the defendant be present in person or by attorney and ask the remainder of the day to answer, it shall be allowed him.

APPEAL from Marion. Tried below before the Hon. W. P. McLean.

This was a suit for damages brought by John S. Scott against the East Line & Red River Railroad Company on May 8, 1886. The peti-

tion claimed that plaintiff was in the employment of the company on the engine of its pile-driver, and on February 6, 1886, was injured by the explosion of the boiler. There was a judgment by default for $1,500 damages.

*F. H. Prendergast*, for appellant.

*C. A. Culberson*, for appellee, cited: R. S., Art. 1282; Ryburn *v.* Nail, 4 Tex., 305.

GAINES, ASSOCIATE JUSTICE.—This suit was brought by appellee against appellants, and 'the citation was returnable to the May term, 1886, of the district court of Marion county. The writ is not embodied in the transcript, but it is to be inferred that it was served a sufficient length of time before the return day thereof, to compel an answer at that term, if the defendant wished to make defense. The first day of the term, as fixed by law, was Monday, May 17. On Friday, May 21, the appearance docket was called, and the case was regularly reached on the call, when it appearing that no answer had been filed, defendant's attorney being in court, stated to the court that he represented defendant and would prepare an answer at once. But plaintiff's attorney having demanded a judgment, the court refused to allow time to prepare an answer, but rendered judgment by default for plaintiff as demanded. A bill of exceptions was taken to the action of the court in this particular, and was allowed and filed, and the rendition of the judgment under the circustances is now assigned as error.

In considering this assignment the question presents itself to us: Under the provisions of the Revised Statutes, can the court legally render a judgment by default on the fifth day of the term, although on the call of the appearance docket, against a defendant who has been duly cited and who, being present in court, asks to be allowed further time on that day to file his answer? The former statute provided, that "in all cases when process has been served according to law * * * in which the defendant has not filed his plea on or before the fourth day of the term of the court, the plaintiff may, at any time after the fourth day, have a final judgment against the defendant," etc. Pas. Dig., Art., 1508.

This language is easily understood, but the articles of the Revised Statutes relating to the same subject are difficult to construe. Art. 1263 reads as follows: "In all cases in which citation has been personally served at least five days before the first day of the term to which it is

returnable, exclusive of the day of service and return, the answer of the defendant shall be filed in the district court on or before the fifth day of the return time," etc.

This seems to allow the first five days of the term for filing answers: But when we turn to Arts. 1280, 1281 and 1282, we are met by an apparent conflict with the provision last quoted. Art. 1280 provides that the fifth day of the term shall be appearance day in the district court, and Art. 1281 makes it the duty of the court to call the appearance docket on that day. Art. 1282 then proceeds as follows: "Upon the call of the appearance docket, or at any time after appearance day, the plaintiff may take judgment by default against any defendant who has been duly served with process, and who has not previously filed an answer."

By Art. 1263 the defendant is entitled to the end of the fifth day to file his answer. By Art. 1282 the plaintiff is entitled to his judgment by default upon call of the appearance docket, if no answer is filed. It is our duty to reconcile this apparent inconsistency, if it can be done. It cannot be that the object of Art. 1263 was simply to allow defendants that portion of the fifth day which would elapse before the case was reached on the call of the appearance docket. This right he necessarily had under the old law. An answer could be filed at any time before judgment by default was taken, (Ryburn v. Nail, 4 Tex., 305; Moore v. Janes, 6 Tex., 227,) and the practical effect of the former statute was to allow a portion of the fifth day in which to file answers.

In the opinion of the court there is but one construction by which this seeming conflict in the articles quoted from the Revised Statutes can be reconciled, and that is to hold that if, upon the call of the appearance docket on the fifth day, no answer is filed and the defendant does not ask further time, a judgment by default should be rendered against him, but if the defendant be present in person or by attorney, and ask the remainder of the day to answer, it should be allowed him. The use of the words "on or before the fifth day" in the new statutes in place of the words "on or before the fourth day" in the previous act, indicates clearly the intention of the legislature to extend the right to answer beyond the limits allowed by the former law, as construed by the court in the cases cited above. The construction we have pointed out will give effect to this intention, and we are unable to perceive any other that will do this.

We hold, therefore, that when defendant, by counsel, demanded further time to answer, it was entitled to the entire day in which to do this, as a matter of right, and that the court erred in refusing it and rendering judgment by default. The other questions raised by

the assignments of error are not likely to arise upon another trial, and will not be considered.

For the error pointed out the judgment is reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered November 5, 1886.]