## No. 2577.

### D. T. ROWE *v.* ELENOR SPENCER ET AL.

1. STATUTES CONSTRUED—PRACTICE.—Construing articles 1263, 1280, 1281 and 1282 Revised Statutes, *held*, that if, on the call of the appearance docket on the fifth day of the term after suit brought, no answer be filed in a cause, and the defendant fails to ask further time to answer, a judgment by default should be rendered against him. If, however. he be present in person or by attorney, and will ask the remainder of the fifth day within which to prepare and file his answer, it should be allowed him.

APPEAL from Brazoria. Tried below before the Hon. W. H. Burkhart.

*J. Adriance Ballowe,* for appellant.

No brief for appellee has reached the Reporter.

WILLIE, CHIEF JUSTICE. The appellees brought this suit against the appellant to recover an amount claimed to be due upon a promissory note, and to foreclose a vendor's lien upon

a lot in the town of Brazoria.    On the fifth day of the term to which the suit was returnable the plaintiffs below applied for a judgment by default, no answer having been filed by the defendant.    Thereupon an attorney of the court stated that he had just been employed to defend the suit, and asked leave to file forthwith an answer in the cause.    The court refused the request, and entered a judgment by default for the amount due upon the note, and enforcing the vendor's lien.    The appellant reserved a bill of exceptions to the action of the court in allowing the judgment by default to be taken; and, his motion for a new trial having been overruled, he appealed to this court.

In East Line & Red River Railway Company v. Scott, 66 Texas, 565, this court, construing articles 1263, 1280, 1281 and 1282 of our Revised Statutes, held that if, upon the call of the appearance docket on the fifth day no answer is filed, and the defendant does not ask further time, a judgment by default shall be rendered against him; but if the defendant be present in person or by attorney, and ask the remainder of the day to answer, it shall be allowed him.    This construction was adopted as the only one by which the apparently conflicting provisions of these articles could be reconciled; and a session of the Legislature having occurred since the decision was made without any change in these articles being enacted, we must infer that this construction is that which the Legislature intended they shall receive in the future.

That case is decisive of the present.    The appellant was entitled to the whole of appearance day to file his answer, if he so requested.    He asked leave to file it immediately, which was denied him; and this is an error for which the judgment must be reversed.    The qualification appended to the bill of exceptions does not justify the action of the court.    Leave to file the answer at the proper time, and when its filing would have prevented a judgment by default, having been refused, the defendant was not bound to attempt to file it at an improper time, and when it could have accomplished no purpose, the judgment having been already entered.

It is also assigned as error that the petition seeks foreclosure of a lien on a lot in Columbia, and, the judgment forecloses a lien on a lot in Brazoria.    The prayer as to the lot in Columbia

is doubtless a clerical error which can be remedied by amendment before another hearing of the cause takes place, and the assignment need not to be further considered.

For the error pointed out the judgment will be reversed and the cause remanded.

*Reversed and remanded.*