WESTERN UNION TELEGRAPH COMPANY V. RACHEL A. SKINNER.

Decided April 27, 1910.

**1.—Practice—Default—Interlocutory Judgment.**

The effect of an interlocutory judgment by default is to deprive the defendant of the privilege of filing an answer, and he would be entitled to no privilege thereafter except to demand a jury for a trial of the facts when plaintiff's claim was unliquidated.

**2.—Same—Call of Appearance Docket—Effect.**

The call of the appearance docket ends the time within which an answer can be filed if the plaintiff desires to take a judgment by default, and the filing of an answer thereafter can not affect the rights of the plaintiff under the judgment by default.

**3.—Telegraph Company—Contract—Pleading.**

In a suit against a telegraph company for failure to deliver a death message, allegations in the petition that the message was delivered to the defendant for transmission and delivery to the plaintiff, and that the fee was paid to defendant's receiving agent, and that the message was received by another agent of defendant at its destination, was a sufficient averment, as against a general demurrer, that defendant agreed to transmit and deliver the message.

**4.—Default—Pleading.**

A petition good as against a general demurrer is a sufficient basis for a judgment by default.

**5.—Default—Writ of Enquiry—Notice—Practice.**

After interlocutory judgment by default, neither the plaintiff nor the officers of the court are under any legal obligation to notify the defendant of the time when a writ of enquiry will be executed, and this, though the defendant had filed an answer after default order had been entered.

**6.—Same—Failure to File Answer—Insufficient Excuse.**

Neither the fact that defendant's attorney in a distant State was engaged in moving his office and installing a new filing device and index system, and consequently much confusion existed in his office, nor the fact that a great number of claims against the defendant were being submitted to said attorney, would constitute a sufficient excuse for the failure of defendant to file an answer in a suit, nor good ground for setting aside a judgment by default against it.

**7.—Same—New Trial—Insufficient Ground.**

Ordinarily a judgment by default will not be set aside and a new trial granted to allow the presentation of a technical defense not involving the merits of the case. This rule applies to a motion for new trial upon the ground, among other matters, that the plaintiff, in a suit against a telegraph company, had not given notice of her claim within the time prescribed in certain printed matter on the back of defendant's telegram blanks.

**8.—Death Message—Mental Anguish—Excessive Verdict.**

In a suit for damages for mental anguish suffered by a mother by reason of delay in delivering a telegram whereby she was prevented from attending the funeral of her daughter, a verdict for $5,000 held grossly excessive, and remittitur of $4,000 required.

Appeal from the District Court of Nueces County. Tried below before Hon. W. B. Hopkins.

*N. L. Lindsley, D. McNeill Turner* and *Webb & Goeth,* for appellant.

*G. R. Scott & Pope* and *H. R. Sutherland,* for appellee.—Overruling a motion to set aside a judgment by default is within the sound discretion of the court, and every presumption must be indulged on appeal in favor of the correctness of its judgment in so doing. Belknap v. Groover, 56 S. W., 251; Sweeney v. Jarvis, 6 Texas, 36; Puckett v. Reed, 37 Texas, 310; Roberts v. Heffner, 19 Texas, 131.

Where jury is waived and cause on facts submitted to the court, who renders judgment on the facts, and who is in position to see the witnesses and judge of their credibility and the weight to be given their testimony, a judgment of five thousand dollars for mental anguish and injury to feelings to an old widowed mother who was prevented from seeing her daughter prior to her burial, and attending her funeral services, and seeing that her remains were properly cared for, could not be considered so excessive as to indicate a violent prejudice by the court against the rights of the appellant, and such a judgment under such circumstances should in all things be affirmed. Western U. Tel. Co. v. Broesche, 72 Texas, 659.

FLY, ASSOCIATE JUSTICE.—Appellee sued appellant to recover damages alleged to have accrued by reason of the negligent failure of appellant to promptly transmit and deliver to appellee a message sent to her informing her of the death of her daughter. The suit was filed on November 19, 1908, and on December 1, 1908, which was appearance day for the District Court of Nueces County, about 11 o'clock in the forenoon, no answer having been filed judgment by default was taken by appellee against appellant, and at 2:17 o'clock in the afternoon of the same day an answer was filed by appellant. After the answer had been filed, evidence was heard by the district judge, counsel for appellant not being notified of the fact that testimony would be heard, and the court after hearing the testimony offered by appellee rendered judgment for appellee for the sum of $5000, the full sum of actual damages claimed by appellee. Appellant filed a motion and an amended motion for new trial. The motion was overruled and appellant has perfected this appeal.

The statement of facts shows that on August 6, 1908, Claudia H. Thomas, a daughter of appellee, died in Humble, Texas, and a telegram signed E. Thomas was on same day sent to appellee at Corpus Christi, in terms as follows: "Claudia H. Thomas died at twelve-thirty today." The message was received at the office of appellant in Corpus Christi, Texas, at 3:33 p. m., August 6, and was delivered to appellee on August 7, after the funeral of her daughter.

It is provided in the statutes that the second day of each term of the District or County Court is appearance day, or as soon thereafter as may be practicable, to call in their order all the cases on

the docket which are returnable to such term, and upon such call or at any time after appearance day the plaintiff may take judgment by default against any defendant who has been duly served with process, and who has not previously filed an answer. (Rev. Stats., arts. 1280, 1281, 1282.) In a succeeding article provision is made for the assessment of damages in causes of action where the claims are liquidated and where unliquidated, requirement being made for the hearing of evidence on unliquidated claims. The court is authorized to assess the damages, unless the defendant shall demand a trial by jury. (Arts. 1284, 1285.)

The effect of the interlocutory judgment by default was to deprive appellant of the privilege of filing an answer, and he would be entitled to no privilege thereafter except to demand a jury for a trial of the facts as to the damages. Boles v. Linthicum, 48 Texas, 220; Alliance Milling Co. v. Eaton (Texas Civ. App.), 23 S. W., 455.

There is no question as to appellant having been duly served and that the appearance docket was regularly called on the second day of the term, and when this case was reached and called judgment by default was duly taken, no answer being on file at that time. The judgment was properly rendered under the statute and the subsequent filing of an answer did not affect the validity of the judgment. Appellant had no right to file an answer when it did and could gain no advantage by it. It had no right at that time except to demand a trial by jury as to the amount of damages. That right it did not exercise.

In article 1263 it is provided that when a defendant has been personally served at least ten days before the first day of the term to which the case is returnable, his answer shall be filed in County and Districts Courts on or before the second day of the term and before the call of the appearance docket on said second day. This is the law as amended by the Act of 1893. Prior to that time the fifth day of the return term was appearance day, and the Supreme Court in the case of East Line R. R. v. Scott, 66 Texas, 565, construed article 1263 as it then read, in connection with articles 1280, 1281 and 1282, and called attention to an apparent conflict between the first named article and those last mentioned, and held: "In the opinion of the court there is but one construction by which this seeming conflict in the articles quoted from the Revised Statutes can be reconciled, and that is to hold that if, upon the call of the appearance docket on the fifth day, no answer is filed and the defendant does not ask further time, a judgment by default should be rendered against him, but if the defendant be present in person or by attorney and ask the remainder of the day to answer, it should be allowed him." Even under that construction of the former statute appellant was not entitled to the whole of the appearance day in which to answer because it was not present when the appearance docket was called and did not ask for further time. But all seeming conflict between article 1263 and the others named has been removed by the amendment which, unlike the former law, does not give the whole of the appearance day in which to file an answer, but requires that

it be filed "on or before the second day of the return term, and before the call of the appearance docket on said second day." The call of the appearance docket ends the time in which an answer can be filed if the plaintiff desires to avail himself of his right to a judgment by default. On the call of the appearance docket and the entering of a judgment by default, the right to file an answer was lost to appellant, and the subsequent filing of the answer could not affect the rights of appellee under the judgment by default.

The first assignment of error can not be sustained. The petition may have been subject to special demurrer for failure to state in terms that appellant agreed to transmit and deliver the message, but it does state that the message was delivered to appellant for transmission and delivery to appellee and the fee was paid to appellant's agent at Humble, and it was received by another agent at Corpus Christi, and it was good as against a general demurrer, and, therefore, would form the basis for a judgment by default. (Graves v. Drane, 66 Texas, 658.) The petition was also good as against general demurrer in the respects claimed in the second assignment of error and it will be overruled.

The evidence showed that the message was received at Corpus Christi, Texas, on August 6, 1908, at 3:33 p. m., that it was dated at Humble, Texas, on same day, that it was signed Ed Thomas and was addressed to Mrs. Rachel A. Skinner, and it was delivered to her by an agent of appellant on August 7, 1908. The evidence was sufficient to show that appellant received the message and was obligated to promptly transmit and deliver it, and the third assignment is, therefore, overruled.

The filing of the answer after the judgment by default, and notice thereof to appellee and the officers of the court before the evidence was heard, could not affect the judgment, and they were under no obligation to seek the counsel of appellant and notify him that testimony would be heard in the case. He knew that judgment by default had been taken and should have informed himself as to when evidence would be heard. It may be that as an act of courtesy he should have been notified of the trial as to damages, but that fact can have no effect in opposition to the plain letter of the law.

There was no sufficient excuse shown for a failure on the part of appellant to appear and answer the petition, and the motion to set aside the judgment by default does not disclose a meritorious defense to the action. No such case was presented as would entitle appellant to a new trial. The motion does not come within the purview of the decision of El Paso & S. W. Ry. v. Kelley, 99 Texas, 87. The fact that appellant's attorney in New York was moving his office and confusion reigned on that account, and that a new filing system for case papers and a new variety of envelopes as well as a new indexing system were adopted could form no sufficient reason for neglect to file an answer. Neither could the number of claims passing through the hands of agents in Texas and submitted to the attorney in New York excuse a want of diligence in entering an appearance in this suit. Under the facts as alleged by appellant in its motion for a new trial, it was guilty of negligence in failing

to promptly deliver the message to appellee. Under its own showing it held the message for over twenty-four hours, although it was directed to the street on which appellee lived. The evidence on the trial indicated that appellant's manager had been told where Marguerite Street was, where appellee lived, only a short time before the message came directed to that street, and doubts were thus cast on his affidavit that he had never heard of Marguerite Street. The evidence of the witness tends to show that the manager made no effort to find the street, except by looking in an old directory.

It did not devolve on appellee to prove that notice was not given and that being a defensive plea of a technical character not involving the merits, a judgment by default will not be set aside to allow the presentation of such a defense. As said in Foster v. Martin, 20 Texas, 118: "The application is to be determined upon equitable principles, and the court may well refuse it when asked to let in a mere legal defense, not founded in equity and justice." That was said in a case where it was desired to set up a plea of limitations which no doubt was as equitable and just as a plea setting up a failure to give a notice in a certain time which arose from a condition prescribed on a back of appellant's blanks.

The amount of actual damages sued for was five thousand dollars, and the court rendered judgment for that sum. The only testimony offered as to damages was that of appellee, as follows:

"I did not get to my daughter's funeral, but most assuredly would have gone. I think I was damaged by reason of not being there. Of course, I suffered in a way—I suffered grief from not seeing her.

Q. "Now, tell the court what you think a reasonable compensation for the suffering you had in the matter.

A. "I don't think anything, no matter how great a sum, could compensate me. No, sir, no sum would compensate me. Yes, sir; I sue for $5,000 actual damages. Yes, sir, I guess I have suffered that much, and more, too.

Q. "Well, you are the one to say whether you have or not.

A. "And more than that—there is no money that could relieve the pain.

Q. "You have suffered at least $5,000 in damages in mental anguish and pain?

A. "Yes, sir."

That testimony is very unsatisfactory, being conclusions rather than facts, and guesses and suppositions rather than realities. No one testified as to the acts and conduct of appellee at the time, but the judgment rests on her statements that she thought she "was damaged by reason of not being there" and she "suffered in a way," and "I guess I have suffered that much, and more, too." The amount of the judgment is unparalleled in mental anguish cases in this State. We keep in view the fact that suits against appellant in this State are usually brought for amounts not exceeding two thousand dollars, for jurisdictional purposes, but even in aggravated cases of mental anguish verdicts are seldom, if ever, returned for the full amount sued for.

The amount of judgment, we think, is so grossly excessive that we are unwilling to permit it to stand, and to obtain an affirmance the sum of $4,000 must be remitted by appellee within ten days, otherwise the judgment will be reversed and the cause remanded.

*Affirmed on remittitur.*

Writ of error refused.