COBB & GREGORY v. DIES, County Judge, et al. (No. 217.)

(Court of Civil Appeals of Texas. Beaumont. April 18, 1918. Rehearing Denied May 15, 1918.)

1. COUNTIES ⚖️52 — COUNTY COMMISSIONERS —"QUORUM."

Under Rev. St. 1911, art. 2237, providing that the commissioners' court shall be composed of the commissioners, together with the county judge, and that the county judge, when present, shall be the presiding officer, and article 2238, providing "that any three members of said court including the county judge" shall constitute a quorum for the transaction of any business except that of levying a county tax, three members of the commissioners' court, one of whom must be the county judge, may constitute a quorum, or in the absence of the county judge the presence of all the commissioners is necessary to a quorum.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Quorum.]

2. STATUTES ⚖️225¾—RE-ENACTMENT AFTER JUDICIAL CONSTRUCTION.

Where a judicial construction has been placed on a statute and the laws have been subsequently revised and the construed provision re-enacted without material change, it will be conclusively inferred that the lawmaking body intended that the same construction should be placed on the language of the statute in the future.

3. COUNTIES ⚖️213 — ACTIONS — CONDITIONS PRECEDENT — AUDIT BY COMMISSIONERS' COURT — "NEGLECT OR REFUSAL TO AUDIT CLAIM."

Where the commissioners' court of a county has prevented action upon a claim against a county by intentionally refusing to attend the meetings so as to form a quorum, such conduct constitutes a neglect or refusal to audit claims so as to authorize the bringing of suit within Rev. St. 1911, art. 1366, providing that no county shall be sued unless the claim upon which such suit is founded shall have first been presented to the county commissioners' court for allowance and such court shall have neglected or refused to audit and allow the same.

4. MANDAMUS ⚖️3(1) — OTHER ADEQUATE REMEDY.

Mandamus will not lie where the petitioners have another plain and adequate remedy.

Appeal from District Court, Hardin County; L. B. Hightower, Sr., Judge.

Suit by Cobb & Gregory, a firm composed of O. E. Cobb and J. A. Gregory, against W. W. Dies and another. From judgment for defendants, plaintiff appeals. Affirmed.

See, also, 203 S. W. 437.

Mantooth & Collins, of Lufkin, and Orgain, Butler & Bolinger, of Beaumont, for appellant. Leon Sonfield, of Beaumont, D. F. Singleton, of Kountze, and J. L. Manry, of Livingston, for appellees.

CHILTON, Special Judge. The appellants, Cobb & Gregory, a firm composed of O. E. Cobb and J. A. Gregory, instituted the suit seeking a mandamus requiring W. W. Dies, county judge, and J. J. Bevil, county clerk, of Hardin county, Tex., to execute and deliver certain warrants of Hardin county. The petitioners alleged, as a basis for this relief, in substance, that, on August 7, 1916, said Hardin county being indebted to the petitioners on account of certain road work done and performed in accordance with a contract between said county and petitioners, the account and claim therefor was presented to the commissioners' court of said county, then properly assembled in special session, with three commissioners present and attending (but the county judge and one commissioner

being absent) and that the account of petitioners was at said session, after being duly considered and audited, allowed, and the issuance of the warrants of the county for the amount, $6,811.02, directed and authorized. It is shown that the contract between petitioners and the county provides for the signing of such warrants by the county judge and county clerk, and that said contract in connection with the order provides for all other details with reference to the amounts, due dates, rate of interest, etc., of such warrants, and that petitioners have requested and demanded the execution and delivery thereof, but that the said Dies, county judge, and Bevil, county clerk, have refused and still refuse to comply therewith. The other members of the commissioners' court of Hardin county, J. N. Newman, G. A. Anderson, J. L. Flowers, and J. S. Jackson, are made parties defendant, also the county of Hardin, as a body corporate, and the petition contains a prayer for certain other relief, with allegations pertinent thereto, which will be noticed and considered later on in this opinion. The defendants answered by general demurrer, and numerous special pleas and denials. The justness and correctness of the claim of petitioners against Hardin county was stoutly denied and contested, and it was shown that at a session of the commissioners' court, with all members present, subsequent to the one referred to in the petition, the former order allowing the account was by unanimous vote rescinded and the account allowed for a much less amount, which action it seems, though, was taken without notice to Cobb & Gregory, but it is not necessary to notice these defensive pleadings in detail. The general demurrer to the petition as sustained by the trial judge, and petitioners having refused to amend, the suit was ordered dismissed, from which judgment an appeal has been perfected.

The first and main contention of appellants is that any three members of a county commissioners' court, one of which three may or may not be the county judge, constitutes a quorum for the transaction of any business except that of levying a tax, and that therefore the order entered on August 7, 1916, allowing the claim against Hardin county and ordering the issuance of warrants, is a valid and binding order, and must be observed. This calls for a construction of articles 2237 and 2238, of our statutes, relating to the organization of county commissioners' courts, which read as follows:

"Art. 2237. (1533) (1510) *Court Composed of Whom and the Presiding Officer Thereof.*—The said commissioners, together with the county judge, shall compose the commissioners' court, and the county judge, when present, shall be the presiding officer of said court."

"Art. 2238. (1534) (1511) *Three Members Constitute a Quorum, except, etc.*—Any three members of the said court, including the county judge, shall constitute a quorum for the trans-

action of any business, except that of levying a county tax."

Counsel for appellants have discussed, with much learning and force, the question as to the proper construction of the articles above, particularly article 2238, and we agree in the main with the views expressed, and would construe the statute as appellants contend it should be, if we regarded it as an open question. When one looks at article 2238, standing alone, there can be no doubt that it is somewhat ambiguous, but when considered in connection with the preceding article we think the meaning and intention reasonably clear. Prior to the enactment of these provisions, the commissioners' courts in each county of the state had been created by the Constitution to be composed of four commissioners and the county judge (Const. art. 5, § 18), and the county judge was made the presiding officer. No provision was made in the Constitution as to what number of members, less than the whole, might constitute a quorum for the transaction of business, and it would seem, in the absence of this, the presence of all members would be necessary. To remedy this no doubt, was the matter uppermost in mind when the statutory provisions before mentioned were enacted. There is no provision, other than article 2238, expressly saying what number of members of the court may constitute a quorum, and it is clearly contemplated by the preceding article, 2237, that the county judge may not always be present and that the court may transact business and enter valid orders in his absence. The opening clause of article 2238, "Any three members of said court" would clearly include the county judge who is already mentioned as a member of the court, but confusion is injected by the uncertain nature of the clause immediately following, "including the county judge." We think this should be treated as an explanatory nonrestrictive clause, or a mere loose repetition of what had already been implied. It appears to have been the purpose on the part of the draftsman to again repeat or emphasize the fact that the county judge is a member of the court just as much so as any one of the commissioners, and may be counted as one of the "any three members" necessary to constitute a quorum. However this may be, we have before us the case of West v. Burke, reported in 60 Tex. 51, wherein the court construes sections 11 and 12 of the act of 1876 (Acts 15th Leg. c. 55) the language of which is now embodied in articles 2237 and 2238, before quoted, with only slight and immaterial change of verbiage, as meaning that three members of a commissioners' court, one of whom must be the county judge, may constitute a quorum, and in the absence of the county judge the presence of all four commissioners is necessary to a quorum. The opinion is short, and relates

to only this one point, and we think it well to quote what is there said:

"The Constitution (article 5, § 18) provides that the four commissioners, with the county judge as presiding officer, shall constitute the county commissioners' court. The act to organize the commissioners' court (Laws 1876, p. 53, § 12), provides that any three members of the court, including the county judge, shall constitute a quorum. From section 11 of the act we conclude that this court may meet and transact business in the absence of the county judge, and in that event some other member of the court may preside. See, also, R. S. art. 1510. Section 13 provides that the judge or any three of the commissioners may call special terms; but there is no intimation in the law that, in the absence of the judge, any number of the commissioners less than the whole shall constitute a quorum for the transaction of business. We conclude that the three members who made the order of December 1, 1877, were not a court within the meaning of the statute, and that the order was void."

[1] The opinion is by Judge Delaney of the Commission of Appeals, and is shown to have been approved and adopted by the Supreme Court on June 19, 1883. Commenting on this case, counsel for appellants refer to the fact that the case was decided by the old Commission of Appeals about 34 years ago, and that while it is true it appears to have been approved by the Supreme Court, they express serious doubts "if the manner in which the decision was arrived at was investigated very closely by the Supreme Court at the time," etc., and urge that the conclusion as to construction of the statute being against the very obvious meaning thereof, this court should disregard it. Although we believe that the conclusion there reached as to the construction to be placed on the statute in question was incorrect at the time, still we cannot see our way clear to undertake to upturn that construction now.

[2] The opinions of the Commission of Appeals, when approved and adopted by the Supreme Court, as was authorized by the law existing at the time of this opinion, became as authoritative as the decisions of the Supreme Court proper. Wooters v. Hollingsworth, 58 Tex. 371. But further than this, it must be borne in mind that since this construction has been placed on this statute, there have been two revisions of the laws of this state, in 1895 and again in 1911, in both of which the provisions in question have been re-enacted and brought forward with no material change. It is generally held, under such circumstances, that it will be conclusively inferred that the lawmaking body intended that the same construction should be placed on the language of the statute in future. G., C. & S. F. Ry. Co. v. Ft. W. & N. O. Ry. Co., 68 Tex. 98, 2 S. W. 199, 3 S. W. 564; Cooper v. Yoakum, 91 Tex. 391, 43 S. W. 871; Scott v. State, 6 Tex. Civ. App. 345, 25 S. W. 338; 36 Cyc. pp. 1153, 1154.

The question as to what number of members of a commissioners' court should constitute a quorum for the transaction of business is no isolated matter, but is a question of very general interest and almost daily concern throughout the state. These articles have been permitted to stand unchanged, with the construction placed upon them in West v. Burke, supra, for 34 years, during which time there have been some 18 regular sessions of the Legislature, not to mention numerous special sessions, and we must assume that this is the meaning intended for them. In the case of Rowe v. Spencer, 70 Tex. 78, 8 S. W. 60, the Supreme Court goes so far as to hold, referring to one of its prior opinions dealing with a statute involved in that case, that:

"A session of the Legislature having occurred since the decision was made, without any change in these articles being enacted, we must infer that this construction is that which the Legislature intends they shall receive in the future."

Before leaving the point, will say that we have considered the case of Racer v. State (Tex. Cr.) 73 S. W. 968. The opinion is by Judge Davidson, rendered in 1903. The order of the commissioners' court there referred to was entered with four commissioners present, the county judge being absent, and was upheld as valid. It will be seen that the result of the ruling is not necessarily in conflict with that in West v. Burke, and the case was not referred to; but the language of the opinion makes it rather clear the court was of the opinion that any three members of the commissioners' court, one of whom might or might not be the county judge, was sufficient for a quorum. It may be that the rule as indicated by the language of this decision will be followed whenever the question comes up in a criminal proceeding, but that is a matter outside of our province.

It follows from what has been said that we do not think the petition showed good grounds for a mandamus against Dies, as county judge, and Bevil, as county clerk.

There is a prayer for relief, in the alternative, and the allegations of the petition in that connection will be stated very briefly, as follows: That the petitioners, on or about December 13, 1915, made a contract with Hardin county for the grading and constructing of certain roads in said county, and in accordance with said contract have done certain work, as described and set forth in the petition, for which there is a balance due them of $6,811.02. That petitioners have from time to time for several months past presented their claim to the commissioners' court of Hardin county while said court was in regular or special session, and have asked and demanded the settlement of said account; that at all times three commissioners and members of the court, namely, J. N. Newman, G. A. Anderson, and J. S. Jackson, have been in favor of allowing and paying the account, and have been ready and willing to vote therefor, but that W. W. Dies,

Something

county judge, and J. L. Flowers, commissioner, for the purpose of evading and preventing action by the court on said account, have constantly and steadfastly refused to remain present at any session of said court long enough to enable the petitioners to present their claim and secure action thereon. It is set forth that at the date of the purported order of the commissioners' court, before referred to, and immediately preceding the entry thereof, and while the court with all members thereof present, was in session, the said claim of petitioners was presented, and that Dies, county judge, and Flowers, commissioner, withdrew from the courtroom and refused to attend the court, and that they will so refuse to attend and remain present at any session of said court in future when the claim of petitioners against the county is presented. It is then asked in the event the relief first prayed for is denied:

"That the court issue at once its writ of mandamus, directing, ordering, and requiring said W. W. Dies as county judge, and J. L. Flowers as commissioner, and each and all the members of the commissioners' court of Hardin county, Tex., herein named, at the next first special session or its next regular session, to remain present and keep the court open and give plaintiff and his counsel an opportunity to present plaintiffs' claim as set forth and to give the members of said court an opportunity to make a motion and secure a second to allow said claim or reject it, and that the said W. W. Dies, as judge, be required to place all motions that may be made and seconded concerning said matter either in favor of or against it, before the court, so that the members thereof may have an opportunity to vote yea or nay."

With reference to the question here arising, appellants in their brief present the proposition that:

"Any party having a claim against any county is entitled to have a legal quorum of the commissioners' court of said county, either allow or reject the same, and to enable the party to secure said right, a writ of mandamus should be issued, requiring and compelling the members of the commissioners' court to remain present at a special or regular session for a reasonable length of time until such party can present to them his claim and secure a vote upon it."

Counsel for appellants have not cited any authority under this proposition, and the point was not mentioned in the oral argument at the submission of this case, and we naturally assume that they do not put any great faith in the right to such an order, under the facts here shown. We do not doubt that the writ of mandamus may be availed of under proper conditions to require a court to act upon matters before it, but we do not find it necessary to go into the question, as this phase of the matter can be disposed of upon another ground. Article 1366, Rev. Stat. 1911, provides that:

"No county shall be sued unless the claims upon which such suit is founded shall have first been presented to the county commissioners' court for allowance, and such court shall have neglected or refused to audit and allow the same, or any part thereof."

[3] We think the conduct upon the part of the commissioners' court of Hardin county with reference to the claim of petitioners against the county, according to the facts set forth in the petition, if true, constitutes such neglect or refusal to audit and allow the claim as is contemplated by the above article and operates to give to Cobb & Gregory the right to institute an ordinary suit against the county for the amount alleged to be due. Williams v. Bowie County, 58 Tex. Civ. App. 116, 123 S. W. 199; Smith v. Wise Co., 187 S. W. 705.

[4] The parties, therefore, having another plain and adequate remedy, will not be permitted to resort to a mandamus. Hogue v. Baker, 92 Tex. 58, 45 S. W. 1004; R. C. L. vol. 18, Mandamus, pars. 44, 47.

We conclude that the trial court did not err in sustaining the demurrer to the petition, and the judgment is therefore affirmed.

Chief Justice HIGHTOWER, and Associate Justice KING, being disqualified in this case, the Governor appointed George Chilton, Esq., and A. L. Calhoun, Esq., of the Beaumont bar, to sit in the case as special Justices.

⬉For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes