**DOWELL SCHLUMBERGER, INC.,
Duncan Holliman and Gary
Boyd, Appellants,**

v.

**Darrell JACKSON, Appellee.**

**No. 08–86–00297–CV.**

Court of Appeals of Texas,
El Paso.

April 29, 1987.

Rehearing Denied June 3, 1987.

Second Rehearing Denied July 1, 1987.

Richard Bonner, Shafer, Davis, McCollum, Ashley, O'Leary & Stoker, Odessa, for appellants.

Ron Ragsdale, Andrews, for appellee.

Before OSBORN, C.J., and FULLER and WOODARD, JJ.

OPINION

OSBORN, Chief Justice.

 Can a trial court enter a default judgment after answer time has expired without an answer being filed, but where an answer is filed before an evidentiary hearing is completed and the judgment announced? We conclude that it may not and we reverse and remand.

Darrell Jackson filed suit in May, 1986, against Dowell Schlumberger, Inc., Duncan Holliman and Gary Boyd. Answer day was July 21, 1986. No answer was filed by 10:00 a.m. on that date. At that time, counsel for Mr. Jackson asked the court to call the case. After one other short hearing at 10:00 which apparently only took two or three minutes, this case was called for announcements. Counsel announced ready after the court noted that it was after 10:00 in the morning on the Monday following the twentieth day after service of citations and that the returns had been on file more than ten days.

The court then heard the testimony of Mr. Darrell Jackson, Mr. Ron Ragsdale, his attorney, and that of another attorney who

testified as to attorney's fees. At the conclusion of the hearing, the court announced its judgment. The court signed a judgment which was filed with the clerk at 11:29 a.m. The district clerk received and filed answers for each of the Defendants at 10:54 a.m.

The three Defendants timely filed a joint motion for new trial. It was alleged that answers were filed before the default was taken and in addition it was alleged that the delay in answering was not intentional or the result of conscious indifference, but was due to mistake or accident, that there were meritorious defenses and that a new trial would not occasion any delay or prejudice to the Plaintiff and that the Defendants were ready to try the case and would reimburse the Plaintiff for his cost in taking the default judgment.

During the hearing on the motion for new trial, the trial judge on several occasions acknowledged that the answer was filed before the judgment was announced. He said: "I don't think anybody questions the file mark. It was filed before the judgment was taken." Two pages later in the statement of facts he said, "[t]he problem is, the one I'm having trouble with, is the answer was filed before the judgment was taken." On the following page he again said, "[t]he answer was filed before the default judgment was taken." After further discussion as to whether the answers had been filed before the hearing was concluded, Mr. Ragsdale stated it would be necessary to present evidence on that issue. Later, Mr. Ragsdale said, "[i]t is our position that the answer has got to be filed before the trial, not before the judgment is signed."

After further discussion, Mr. Fred Swanson, longtime court reporter for the 109th District Court, testified that the testimony in this case commenced after 10:00 a.m. on July 21, 1986. He took all of the testimony and said the record consisted of fifty-one pages, plus one page for his certificate. He testified that in this case it took more than an hour to take the testimony. He said his best recollection was that it took an hour or an hour and fifteen minutes.

That conclusion was not really contested. Even the judge testified that he had no reason to think that the hearing was finished in less than an hour, but he did not know how long it did take.

We conclude that it was error for the trial judge to render judgment for the Plaintiff at the end of the evidentiary hearing when at that time answers had been filed, even though there were no answers on file at the time the hearing began. In *World Co. v. Dow*, 116 Tex. 146, 287 S.W. 241 (Comm.App.1926), the court said: "At any time before a judgment by default has been actually announced by the court, a defendant has the right to file his answer." That holding formed the basis for the decision in *Palacios v. Rayburn*, 516 S.W.2d 292 (Tex.Civ.App.—Houston [1st Dist.] 1974, no writ). In that case, the trial court refused to grant a default judgment against a nonanswering defendant. The plaintiff sought a writ of mandamus against the judge of the trial court. In a response in the appellate court, the defendant in the trial court asserted that an answer had been filed subsequent to the filing of the motion for writ of mandamus. In denying the motion for writ of mandamus, the court said:

> The trial court had neither entered nor announced any judgment prior to the time the answer was filed on behalf of Quality Beverage Co., Inc., and even though the prescribed time for filing had expired, a default judgment could not properly have been entered after the filing of the answer.

A similar result was reached in *Martinec v. Maneri*, 494 S.W.2d 954 (Tex.Civ.App.—San Antonio 1973, no writ). In that case, the court was concerned with whether or not an instrument captioned "Plea in Abatement" constituted an answer. But, in the opinion, the court noted if the instrument filed by the defendants prior to the rendition of the default judgment constitutes an answer, then the judgment by default was improperly entered. Also see: *Terehkov v. Cruz*, 648 S.W.2d 441 (Tex. App.—San Antonio 1983, no writ).

A judgment is rendered when the decision of the court is officially announced either orally in open court or by memorandum filed with the clerk. *Comet Aluminum Company v. Dibrell*, 450 S.W.2d 56 (Tex.1970). In this case, the judgment was announced in open court sometime after 11:00 a.m. and the writing filed with the clerk at 11:29 a.m. Answers for all Defendants were on file with the district clerk prior to each of these acts. No judgment was rendered prior to the filing of the answers and it was error to render a default judgment. Point of Error No. One is sustained. It is not necessary for us to consider Point of Error No. Two.

The judgment of the trial court is reversed and the case is remanded to the trial court.

## OPINION ON MOTION FOR REHEARING

Appellee in his motion for rehearing presents the same basic contentions he originally made in this case. He now urges that the remarks of the trial judge which are quoted in our original opinion do not support our decision. The three quotes from the trial judge as set out in our original opinion all refer to a time when "judgment was taken." The judge did not refer to the time "judgment was signed." Clearly, "judgment was taken" when the trial judge orally announced his decision in open court. *Comet Aluminum Company v. Dibrell*, 450 S.W.2d 56 (Tex.1970). All references to the statements by the trial judge indicate his belief that at that time (when judgment was taken) the answer was filed. He said so three times.

The testimony of the court reporter supports that conclusion by the trial judge. The reporter did in fact testify that based upon the evidence heard *"sometimes* it could take longer" and *"sometimes* less." [Emphasis added.] But, we are not permitted to decide this case on what amount of time it might take to hear this same evidence on other occasions, but we are required to decide this case on what it took on this occasion. On this occasion, the

reporter testified, "I would say an hour or an hour and fifteen minutes."

It is argued that our decision is contrary to the holding in *Western Union Telegraph Co. v. Skinner*, 60 Tex.Civ.App. 477, 128 S.W. 715 (1910, writ ref'd), where the court said:

> The call of the appearance docket ends the time in which an answer can be filed, if the plaintiff desires to avail himself of his right to a judgment by default. On the call of the appearance docket and the *entering of a judgment* by default, the right to file an answer was lost to appellant, and the subsequent filing of the answer could not affect the rights of appellee under the judgment by default. [Emphasis added.]

We have said nothing contrary to that holding in the *Skinner* opinion. The Appellee in our case did not take a default when the case was called and then later prove his damages. Instead, he chose to offer evidence as to his damages before taking a default on the issue of liability. Had a default judgment been announced in open court or a default judgment signed prior to 10:54 a.m. on July 21, 1986, the *Skinner* case would control our decision. But, that case does not hold that the call of the appearance docket and the commencement of the evidence destroys the right to file an answer. It holds that the right to file an answer is lost only upon the entering of a judgment. In this case, the judgment was not announced until sometime after 11:00 a.m., and the right to file an answer still existed at 10:54 a.m. when the district clerk filed the answers for the Appellants.

The motion for rehearing is overruled.