MEMORANDUM OPINION




No. 04-04-00031-CV



Janet ALVAREZ,


Appellant



v.



Paul KIRK and Keith McDANIEL,


Appellees



From the 37th Judicial District Court, Bexar County, Texas


Trial Court No. 2003-CI-02487


Honorable Martha Tanner, Judge Presiding



Opinion by: Phylis J. Speedlin, Justice

Concurring opinion by: Alma L. López, Chief Justice


Sitting: Alma L. López, Chief Justice

 Sarah B. Duncan, Justice

 Phylis J. Speedlin, Justice


Delivered and Filed: November 4, 2004


REVERSED AND REMANDED 

 The prior opinion and judgment issued in this case on November 3, 2004, were issued in error
and are hereby withdrawn, and this opinion and judgment are substituted.

 Appellant, Janet Alvarez, seeks, by restricted appeal, to set aside two default judgments
entered against her in the underlying personal injury lawsuit. Alvarez claims that the default judgments
were improper because she had filed an answer, and therefore error is apparent on the face of the
record. We agree and we reverse and remand.

Background

 This case involves a personal injury action originally brought by three plaintiffs, Patricia
Snider, Paul Kirk, and Keith McDaniel, against Janet Alvarez arising from a motor vehicle accident
that occurred on January 19, 2001. The lawsuit was filed on January 16, 2003, under Cause No.
2003-CI-00772. On February 18, 2003, before Alvarez had answered or made an appearance, a
default judgment was entered in favor of one of the plaintiffs, Snider, against Alvarez. That default
judgment is not challenged on appeal. Also on February 18, 2003, an order was granted severing the
live claims involving the two remaining plaintiffs into a new cause number. The default judgment
taken by Snider continued in the original cause number (No. 2003-CI-00772) and the claims made
by Kirk and McDaniel, which had yet to be resolved, were assigned a new cause number (No. 2003-CI-02487). Unaware of the severance order or the new cause number, Alvarez then filed an original
answer in the original cause number (No. 2003-CI-00772) addressing the claims of all of the
plaintiffs. 

 On June 3, 2003, Kirk and McDaniel proceeded to take default judgments against Alvarez
in the severed cause number (No. 2003-CI-02487). Alvarez timely filed a notice of restricted appeal
as to these default judgments.

Analysis

 To attack a default judgment by restricted appeal, four prerequisites must be met: (1) notice
of appeal must be filed within six months after the judgment is signed; (2) by a party to the suit; (3)
who did not participate at trial; (4) and the error complained of must be apparent on the face of the
record. Tex. R. App. P. 30; Quaestor Inv., Inc. v. State of Chiapas, 997 S.W.2d 226, 227 (Tex.
1999); Norman Communications v. Texas Eastman Co., 955 S.W.2d 269, 270 (Tex. 1997). The first
three elements are not disputed. We will therefore focus on the issue of error apparent on the face
of the record.

 A plaintiff may properly seek a default judgment after the defendant's time to file an answer
has expired and the citation and proof of service have been on file with the clerk for at least ten days,
excluding the day of filing and the day of judgment. Tex. R. Civ. P. 107, 239. If the defendant files
an answer after the deadline to answer but before the trial court considers a motion for default
judgment, the court cannot render a default judgment. Tex. R. Civ. P. 239; Davis v. Jefferies, 764
S.W.2d 559, 560 (Tex. 1989) (per curiam); Dowell Schlumberger, Inc. v. Jackson, 730 S.W.2d 818,
819 (Tex. App. -El Paso 1987, writ ref'd n.r.e.); Terehkov v. Cruz, 648 S.W.2d 441, 442 (Tex. App.
- San Antonio 1983, no writ). The record before us shows Alvarez was served on January 25, 2003;
accordingly her answer was due on February 17, 2003. She did file an answer on February 24, 2003.
That answer was on file at the time the trial court granted the default in the second cause number.
The record before us includes no proof that Alvarez was given notice of the new cause number (No.
2003-CI-02487) that was created by the severance in February 2003. Therefore, it was proper for
Alvarez to file her answer in the only cause number with which she had been served, No. 2003-CI-00772. The fact that the answer was filed in the wrong cause number does not defeat its
effectiveness. See City of San Antonio v. Rodriguez, 828 S.W.2d 417, 418 (Tex. 1992). Therefore,
the trial court's entry of the default judgments in favor of Kirk and McDaniel was erroneous and such
error is apparent on the face of the record. Having met all of the elements for restricted appeal,
Alvarez is entitled to have the default judgments set aside. We therefore reverse the judgment of the
trial court in Cause No. 2003-CI-02487 and remand for a new trial.


 Phylis J. Speedlin, Justice