David B. DAVIS d/b/a Davis Motor
Company, Petitioner,

v.

Bruce JEFFERIES d/b/a Jefferies
Magic Motors, Respondent.

No. C–8162.

Supreme Court of Texas.

Feb. 15, 1989.

Michael P. O'Brien, Corpus Christi, for
petitioner.

Ken Dahlberg and Wood & Burney, Cor-
pus Christi, for respondent.

PER CURIAM.

At issue in this case is the necessity
of amending a defective cost or supersede-
as bond. In this case a supersedeas bond
was filed. Because it was filed within the
time prescribed for cost bonds, and because
the bond was sufficient to secure the
amount of the judgment and costs, it
served both to suspend execution of the
judgment and to perfect an appeal. Tex.R.
App.P. 47(a). The court of appeals refused
to require amendment of the defective
bond. 759 S.W.2d 6.

David Davis d/b/a Davis Motor Compa-
ny (Davis) sued Bruce Jefferies d/b/a Jef-
feries Magic Motors (Jefferies) under the
Deceptive Trade Practices Act for damages
arising out of the sale of an automobile.
Jefferies was properly served on August
31, 1987, and citation was returned on Sep-

tember 4, 1987. The answer date was September 21, 1987; however, no answer was filed on or before that date.

On September 22 a hearing for default judgment was requested by Davis. At 11:10 a.m. on September 23, Airborne Express Courier Service delivered to the Nueces County District Clerk's Office Jefferies' Motion to Transfer Venue and an Answer. Later that afternoon at 1:30 p.m. a no-answer default judgment was rendered against Jefferies by the trial court. The trial judge was unaware, however, that an answer had been filed with the clerk's office earlier that same day.

At a hearing in November, the trial court orally set aside the default judgment and requested Jefferies' counsel to submit an order reflecting its ruling. Jefferies' counsel failed to do so, however, and the default became a final judgment.

Jefferies then filed an appeal, a writ of error and a supersedeas bond. Davis filed a Motion to Dismiss for Want of Jurisdiction in the court of appeals, arguing that the supersedeas bond was defective because it did not indicate that the surety's attorney-in-fact was authorized to make, execute, and deliver the bond and because the bond did not recite the surety's address, as required by Tex.R.App.P. 46(a).

The court of appeals implied that the bond was defective, but held that the court nevertheless had jurisdiction over the appeal. Reasoning that the trial court erred in entering a default judgment after an answer had been filed with the clerk's office, the court of appeals reversed and remanded the cause for trial. 759 S.W.2d at 8.

■ A defective bond does not defeat the jurisdiction of the court of appeals. *Hugo v. Seffel*, 92 Tex. 414, 49 S.W. 369 (1899) (interpreting a statutory provision similar to current Rule 46(f)). On proper motion to dismiss the appeal, the appellant may be required to file a new bond to cure the defects. Tex.R.App.P. 46(f). If a proper bond is not made or the defective bond amended, the court may dismiss the appeal. *Woods Exploration & Producing Co. v. Arkla Equip. Co.*, 528 S.W.2d 568 (Tex.

1975); *Owen v. Brown*, 447 S.W.2d 883 (Tex.1969).

■ In this case the default judgment rendered by the trial court was erroneous. A default judgment may not be rendered after the defendant has filed an answer. Tex.R.Civ.P. 239. *See e.g., Kinnard v. Herlock*, 20 Tex. 49 (1857); *Santex Roofing & Sheet Metal, Inc. v. Venture Steel, Inc.*, 737 S.W.2d 55 (Tex.App.—San Antonio 1987, no writ).

■ Although the court of appeals correctly reversed the trial court's judgment and remanded the cause for trial, it should have required Jefferies to cure his defective bond. However, we believe no useful purpose would be served by remanding for amendment of the bond. The application for writ of error is denied.