IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-92-060-CV





THOMPSON-BOZE, INC., A TEXAS CORPORATION, ROBERT E. BOZE


AND FRED R. THOMPSON, INDIVIDUALLY,




 APPELLANTS


vs.





THE STATE OF TEXAS, THE CITIES OF EL PASO,


HOUSTON, LAPORTE, MCALLEN AND BAY CITY, TEXAS AND


TRANSIT AUTHORITIES OF ARLINGTON AND AUSTIN, TEXAS,




 APPELLEES


 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT



NO. 91-2222, HONORABLE BOB JONES, JUDGE PRESIDING



 




PER CURIAM



 Appellants Thompson-Boze, Inc., a Texas corporation, Robert E. Boze and Fred
R. Thompson, individually, ("Thompson-Boze") seek review by petition for writ of error from
a default judgment rendered by the district court of Travis County. See generally Tex. Civ. Prac.
& Rem. Code Ann. §§ 51.012, .013 (1986); Tex. R. App. P. Ann. 45 (Pamph. 1991). The
parties have filed a joint motion to reverse the judgment of the trial court and remand the cause. 
We will grant the motion.

 In this motion, appellees the State of Texas; the Cities of El Paso, Houston,
LaPorte, McAllen and Bay City, Texas; and Transit Authorities of Arlington and Austin, Texas,
("the State") claim that Thompson-Boze filed its motion to transfer venue, special exceptions and
general denial before the answer date and before the trial court rendered the default judgment. 
See generally Tex. R. Civ. P. Ann. 99(b) (Supp. 1992). Thompson-Boze and the State agree that
the rendition of the default judgment was erroneous.

 We concur. Texas R. Civ. P. Ann. 239 (1976) authorizes rendition of a default
judgment against a defendant only if "he has not previously filed an answer." A default judgment
rendered when a defendant has filed an answer is erroneous. Davis v. Jeffries, 764 S.W.2d 559,
560 (Tex. 1989). Such error is apparent from the face of the record. See generally DSC Finance
Corp. v. Moffitt, 815 S.W.2d 551 (Tex. 1991).

 Accordingly, the joint motion to reverse the judgment of the trial court and remand
the cause is granted. The judgment of the trial court is reversed and the cause remanded for
further proceedings.


[Before Chief Justice Carroll, Justices Aboussie and B. A. Smith]

Reversed and Remanded on Joint Motion

Filed: February 26, 1992

[Do Not Publish]