In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-01-177 CV


____________________



DANIELE M. LEFFALL, Appellant



V.



GARY JOHNSON, ROBERT WHITE,


VIRGIL JORDAN AND JAMES REEVES, Appellees









On Appeal from the 75th District Court


Liberty County, Texas


Trial Cause No. 61,186






OPINION



 Daniele M. Leffall, an inmate of Texas Department of Criminal Justice--Institutional
Division ("TDCJ"), filed suit against a staff member of TDCJ and staff members of
Wackenhut Corrections Corporation for injuries received in a slip and fall accident. Lefall
accused the defendants of "deliberate indifference, recklessness and negligence" under the
Texas Tort Claims Act. See Tex. Civ. Prac. & Rem. Code Ann. §§ 101.001-101.109
(Vernon 1997 & Vernon Supp. 2002). Defendants White and Jordan filed a Plea in
Abatement, noting that an earlier suit by Leffall against the same defendants, concerning
the same injury and citing the same facts, had been removed to U.S. District Court and
was pending at that time. The trial court granted the plea and dismissed Leffall's second
action. Leffall contends that the trial court abused its discretion in granting the dismissal. 
We affirm the trial court's dismissal order. 

 Leffall filed suit on December 4, 2000, and filed for default judgment on March 1,
2001. Robert White and Virgil Jordan did not file an answer until March 21, and filed
their Plea in Abatement on April 4. Leffall now contends that the trial court erred in
dismissing his suit, because (A) the answer was filed more than twenty days after the filing
of Leffall's Original Petition, and (B) because the pendency of the first suit in federal court
was not a proper ground to dismiss the second action.

The Late Answer and Motion for Default Judgment


 A trial judge must hear and rule on a motion for default judgment within a
reasonable time. See In re Ramirez, 994 S.W.2d 682, 683 (Tex. App.--San Antonio 1998,
orig. proceeding). The court of appeals in Ramirez issued a mandamus after the trial court
took no action on plaintiff's motion for default judgment for over eighteen months. Id. at
684. We do not think that twenty days -- the period between the filing of Leffall's motion
and the filing of Defendants' answer (which made the motion moot) -- was an unreasonable
delay by the trial court. In any event, the court could not issue a default judgment once
the answer had been filed, rendering Leffall's motion moot. See Davis v. Jefferies, 764
S.W.2d 559, 560 (Tex. 1989). The trial court was not precluded from considering the
Plea in Abatement because of a moot motion for default judgment.

Plea in Abatement and Dismissal


 We review a trial court's action on a plea in abatement for abuse of discretion.
Dolenz v. Continental Nat'l Bank of Fort Worth, 620 S.W.2d 572, 575 (Tex. 1981). A
trial court abuses its discretion only when it acts without reference to any guiding rules and
principles. Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985). 
Defendants' Plea in Abatement included, as an exhibit, notice that a previous suit by
Leffall had been removed to U.S. District Court for the Eastern District of Texas from the
Liberty County 75th District Court. Another exhibit was the original petition from that
suit. The petition documents that the suit removed to U.S. District Court, although framed
as a Section 1983 action, named the same defendants, involved the identical slip and fall
incident and made identical allegations of negligent maintenance. 

 Leffall cites Taiwan Shrimp Farm Village Ass'n, Inc. v. U.S.A. Shrimp Farm Dev.,
Inc., 915 S.W.2d 61 (Tex. App.--Corpus Christi 1996, writ denied), to the effect that
pending federal litigation involving "the same parties and similar issues" is not a reason
for abating a subsequent state court proceeding. Id. at 68. However, Taiwan went on to
hold that "when an inherent interrelation of the subject matter exists in the two pending
lawsuits, a plea in abatement in the second action must be granted." Id. at 68, citing Wyatt
v. Shaw Plumbing Co., 760 S.W.2d 245, 248 (Tex. 1988). The theories of causation and
damages in Leffall's pending federal suit are substantively identical to those in this second
action. 

 Once a case is removed to federal court, federal law dictates that the "State court
shall proceed no further unless and until the case is remanded." Meyerland Co. v. Federal
Deposit Ins. Corp., 848 S.W.2d 82, 83 (Tex. 1993) (citing 28 U.S.C.A. § 1446(d) (West
1994)). Removal leaves the state court without jurisdiction in the proceedings. See Stroud
v. VBFSB Holding Corp., 917 S.W.2d 75, 83 (Tex. App.--San Antonio 1996, writ denied). 
Here, the trial court dismissed the suit. The order of dismissal does not state the case is
dismissed with prejudice, so the case is presumed to be dismissed without prejudice. See
Greenwood v. Tillamook Country Smoker, Inc., 857 S.W.2d 654, 656 (Tex. App.--Houston [1st Dist.] 1993, no writ). Under the circumstances here, we hold the trial court
did not err in dismissing Leffall's second action without prejudice. 





 The action of the trial court is affirmed.

 AFFIRMED. 

 PER CURIAM

Submitted on December 17, 2001

Delivered on January 31, 2002

Do not publish


Before Walker, C.J., Burgess, and Gaultney, JJ.