Reversed and Remanded and Memorandum Opinion filed February 2, 2006









Reversed and Remanded and Memorandum Opinion filed February 2,
2006.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-05-00123-CV

_______________

 

JOE BRENT HALM, Appellant

 

V.

 

TAMARA GAY HALM, Appellee

                                                                                                                                               


On Appeal from 257th District Court

Harris County, Texas

Trial Court Cause No. 04‑01082

                                                                                                                                               


 

M
E M O R A N D U M   O P I N I O N

In
this restricted appeal,[1]
Joe Brent Halm appeals a divorce decree entered by default in favor of Tamara
Gay Halm on the ground that he filed an answer before the judgment was
entered.  We reverse and remand.








To
prevail on a restricted appeal, Halm must establish that: (1) he filed notice
of the restricted appeal within six months after the judgment was signed; (2)
he was a party to the underlying lawsuit; (3) he did not participate in the
hearing that resulted in the judgment complained of and did not timely file any
post-judgment motions or requests for findings of fact and conclusions of law;
and (4) error is apparent on the face of the record.  Alexander v. Lynda's Boutique, 134
S.W.3d 845, 848 (Tex. 2004).  With regard
to the first three requirements: (1) Halm filed his notice of restricted appeal
on January 27, 2005, less than six months after the default judgment was
entered on November 30, 2004; (2) Halm was a party to the underlying divorce;
and (3) the record does not reflect that he participated in the hearing or
filed a post-judgment motion, request for findings of fact, or a timely notice
of appeal.  See Stubbs v. Stubbs,
685 S.W.2d 643, 645 (Tex. 1985).  As to
the fourth requirement, where a default judgment is rendered after a defendant
has filed an answer, there is error on the face of the record.[2]  See Tex.
R. Civ. P. 239; Davis v. Jefferies, 764 S.W.2d 559, 560 (Tex.
1989) (per curiam).  Because the record
indicates that Halm filed his answer on November 29, 2004, the day before the
default judgment hearing was held, and the judgment of divorce entered, on
November 30, 2004, error is apparent on the face of the record.  Accordingly, Halm=s sole issue is sustained, the
judgment of the trial court is reversed, and the case is remanded to the trial
court.

 

 

 

 

/s/        Richard H. Edelman

Justice

 

Judgment rendered
and Memorandum Opinion filed February 2, 2006.

Panel consists of
Justices Fowler, Edelman and Guzman.

 

 











[1]           See Tex. R. App. P. 30.





[2]           Filing
an answer before a default judgment is rendered precludes the default even if
the answer is untimely and the trial court is not aware it has been filed.  See Davis, 764 S.W.2d at 560.