

**NUMBER 13-09-00151-CV**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

### IN THE INTEREST OF I.R.H., A CHILD

---

### On appeal from the 214th District Court of Nueces County, Texas.

---

## MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Vela
### Memorandum Opinion by Justice Garza

Appellant, R.L.H., III,[1] the father of I.R.H., a child, contends that the trial court erred in rendering a judgment against him without a hearing. The Office of the Attorney General ("OAG") filed a petition with the trial court seeking to confirm a non-agreed child support review order ("CSRO") which granted a child support arrearage and modified upward the amount of support due from appellant. The petition was served on appellant on November 10, 2008, and on December 1, 2008, appellant timely filed an answer objecting to the entry of the CSRO. *See* TEX. FAM. CODE ANN. § 233.022(a) (Vernon 2008) ("A court shall consider any responsive pleading that is intended as an objection to confirmation of a child support review order not agreed to by the parties, including a general denial, as a request

---

[1] We refer to appellant by his initials in order to protect the identity of the child who was the subject of the trial court proceedings. *See* TEX. R. APP. P. 9.8.

for a court hearing."), § 233.023 (Vernon 2008) ("A party may file a request for a court hearing not later than the 20th day after the date the petition for confirmation of a non-agreed child support review order is delivered to the party.").[2] The trial court nevertheless confirmed the CSRO on December 4, 2008, without a hearing.[3] As the OAG concedes on appeal, this was reversible error. *See id.* § 233.025 (Vernon 2008) ("A request for hearing or an order setting a hearing on confirmation of a nonagreed child support review order stays confirmation of the order pending the hearing."), § 233.026(a) (Vernon 2008) ("When a timely request for a court hearing has been filed as provided by Section 233.023, the court shall hold a hearing on the confirmation of a child support review order that has not been agreed to by the parties not later than the 30th day after the date the request was filed."); *see also, e.g., Davis v. Jefferies*, 764 S.W.2d 559, 560 (Tex. 1989) ("A default judgment may not be rendered after the defendant has filed an answer.").

We reverse the judgment rendered by the trial court and remand the cause for a hearing on the OAG's petition.

 

                                      _____
DORI CONTRERAS GARZA,
Justice

Memorandum Opinion delivered and
filed this the 20th day of August, 2009.

---

[2] The 20th day following service of the petition was November 30, 2008. However, that day was a Sunday; appellant was therefore entitled to file his answer on the following Monday, December 1, 2008. TEX. R. CIV. P. 4.

[3] Appellant subsequently filed a motion for new trial, which was denied at a hearing on February 5, 2009, despite the fact that counsel for the OAG consented to a new trial at that hearing.