



# MEMORANDUM OPINION

No. 04-11-00884-CV

**ROSILLO CREEK APARTMENTS, LLC**,
Appellant

v.

Kristi Ann **AUSTIN** and Michael Gonzales,
Appellees

From the 150th Judicial District Court, Bexar County, Texas
Trial Court No. 2011-CI-07296
Honorable John D. Gabriel, Jr., Judge Presiding

Opinion by:     Rebecca Simmons, Justice

Sitting:        Sandee Bryan Marion, Justice
                Rebecca Simmons, Justice
                Marialyn Barnard, Justice

Delivered and Filed:  July 18, 2012

REVERSED AND REMANDED

    This is a restricted appeal of a default judgment against Rosillo Creek Apartments, LLC. Rosillo Creek Apartments contends the trial court erred in granting a no-answer default judgment when an answer was on file. Rosillo Creek Apartments further contends that it did not file any post-judgment motion that would preclude it from obtaining relief in a restricted appeal. We reverse the trial court's judgment and remand the cause for a new trial.

## PROCEDURAL BACKGROUND

Rosillo Creek Apartments's original answer was mailed for filing on July 15, 2011, and was file-stamped at 2:28 p.m. on July 18, 2011. The plaintiffs, Kristi Ann Austin and Michael Gonzales, filed a motion for default judgment at 4:10 p.m. on July 18, 2011. The trial court signed an order granting the motion for default judgment on July 18, 2011. The order states, "Defendant, ROSILLO CREEK APARTMENTS, LLC, although duly cited to appear by filing an answer herein, failed to file an answer within the time allowed by law."

On August 9, 2011, Rosillo Creek Apartments filed a motion to substitute counsel, which was granted by order entered the same day. Rosillo Creek Apartments filed its notice of restricted appeal on December 8, 2011.

## DISCUSSION

To prevail on a restricted appeal, Rosillo Creek Apartments must establish four elements:

(1) it filed notice of the restricted appeal within six months after the judgment was signed; (2) it was a party to the underlying lawsuit; (3) it did not participate in the hearing that resulted in the judgment complained of and did not timely file any postjudgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record.

*Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004); *see also* TEX. R. APP. P. 26.1(c), 30. Rosillo Creek Apartments satisfied the first two requirements because its notice of restricted appeal was timely filed and it was the defendant in the underlying lawsuit.

The appellees contend Rosillo Creek Apartments failed to satisfy the third requirement because it timely filed a motion to substitute counsel. We disagree. We construe the term "postjudgment motion" as used in Texas Rule of Appellate Procedure 30 as "one that, if granted, would result in a substantive change in the judgment as entered, or extends the time for perfecting the appeal." *Hollis v. Hollis*, No. 12-09-00402-CV, 2010 WL 3440330, at *2 (Tex.

App.—Tyler Sept. 1, 2010, no pet.) (mem. op.); *see* TEX. R. APP. P. 30. In this case, the motion to substitute counsel filed by Rosillo Creek Apartments would not result in a substantive change in the trial court's judgment nor extend the time for perfecting appeal; therefore, Rosillo Creek Apartments did not timely file a postjudgment motion for purposes of Rule 30. *See Hollis*, 2010 WL 3440330, at \*2; *see also Landmark Org., L.P. v. Sunbelt Air Conditioning & Refrigeration Serv., Inc.*, No. 13-08-00676-CV, 2010 WL 2784032, at \*1–2 (Tex. App.—Corpus Christi July 15, 2010, no pet.) (mem. op.) (granting relief in restricted appeal despite defendant's filing of postjudgment motion to substitute counsel).

With regard to error being apparent on the face of the record, a no-answer "default judgment may not be rendered after the defendant has filed an answer." *Davis v. Jefferies*, 764 S.W.2d 559, 560 (Tex. 1989) (per curiam). This holds true even if the answer was not filed on or before the answer date as long as the answer was filed before the default judgment was signed. *See id.* (noting that the default judgment was improper even though the answer was not filed on or before answer date, but was filed two hours and twenty minutes before the default judgment was signed, and even though the trial judge was unaware that the answer was filed); *see also Alvarez v. Kirk*, No. 04-04-00031-CV, 2004 WL 2480141, at \*1 (Tex. App.—San Antonio Nov. 4, 2004, no pet.) (mem. op.) ("If the defendant files an answer after the deadline to answer but before the trial court considers a motion for default judgment, the court cannot render a default judgment.") In this case, the face of the record shows that Rosillo Creek Apartments's answer was on file before the trial court signed the order granting the appellees' motion for default

judgment. Therefore, the trial court's rendering of the default judgment was erroneous, and such error is apparent on the face of the record.[1]

## CONCLUSION

The trial court's judgment is reversed, and the cause is remanded to the trial court for a new trial.

Rebecca Simmons, Justice

---

[1] We note Rosillo Creek Apartments also argues its answer was filed on or before the answer date based on its mailing in accordance with Texas Rule of Civil Procedure 5; however, we do not address this issue because it is not necessary to the final disposition of this appeal. *See* TEX. R. APP. P. 47.1.