

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-12-00361-CV

Juan Enrique **LOZANO**,
Appellant

v.

Rosa Ana **LOZANO**,
Appellee

From the County Court at Law, Val Verde County, Texas
Trial Court No. 2,611
Honorable Sergio J. Gonzalez, Judge Presiding

Opinion by:     Rebeca C. Martinez, Justice

Sitting:        Catherine Stone, Chief Justice
                Sandee Bryan Marion, Justice
                Rebeca C. Martinez, Justice

Delivered and Filed:  January 30, 2013

AFFIRMED

In this restricted appeal, Juan Enrique Lozano appeals a no-answer default judgment rendered against him, arguing that the answer was postmarked and thus filed before entry of the judgment. We affirm the judgment of the trial court.

### BACKGROUND

The parties were divorced in 2009. On April 5, 2012, Rosa Ana Lozano filed a motion seeking to modify the divorce decree. Specifically, she sought to remove a provision from the conservatorship order precluding her from moving the parties' two children outside of Val Verde

County as well as reimbursement of certain home expenditures and property taxes to be paid from Juan's share of the proceeds of the sale of the marital home. Juan was served with citation on April 6, 2012 and the return of service was filed on April 9, 2012. His answer was thus due to be filed by Monday, April 30, 2012; however, no answer was filed on or before that date. *See* TEX. R. CIV. P. 99(b). On May 4, 2012, Rosa moved for entry of a default judgment based on Juan's failure to answer; the trial court granted the default judgment the same day and ordered the geographic restriction lifted and that Rosa be reimbursed $15,671.78 from the proceeds of the sale of the marital residence. On May 14, 2012, Juan filed an answer consisting of a general denial. On June 11, 2012, Juan filed his notice of restricted appeal. He now argues that the trial court erred in rendering the default judgment because he mailed his answer on May 3, 2012, deeming it filed that day pursuant to the "mailbox rule." *See* TEX. R. CIV. P. 5.

## ANALYSIS

To prevail on a restricted appeal, an appellant must demonstrate: (1) he filed notice of restricted appeal within six months after the date the judgment was signed; (2) he was a party to the suit; (3) he did not participate in the hearing that resulted in the judgment complained of and did not timely file a post-judgment motion or request for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. *See* TEX. R. APP. P. 30; *Ins. Co. of State of Pennsylvania v. Lejeune*, 297 S.W.3d 254, 255 (Tex. 2009) (per curiam); *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004). Here, the only element in dispute is whether there is error apparent on the face of the record.

The record, for purposes of a restricted appeal, consists of the clerk's record and the reporter's record if one was made, and also includes any evidence presented to the trial court before final judgment. *See Norman Commc'ns v. Tex. Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997) (per curiam); *Gen. Elec. Co. v. Falcon Ridge Apartments, Joint Venture*, 811 S.W.2d 942,

944 (Tex. 1991) ("The rule has long been that evidence not before the trial court prior to final judgment may not be considered in a [restricted appeal] proceeding."). Error must be apparent from the face of the record, not inferred from the record. *Ginn v. Forrester*, 282 S.W.3d 430, 431 (Tex. 2009) (per curiam); *Gold v. Gold*, 145 S.W.3d 212, 213 (Tex. 2004) (per curiam). If extrinsic evidence is necessary to challenge the judgment, a timely motion for new trial or bill of review filed in the trial court is the appropriate remedy. *Ginn*, 282 S.W.3d at 432–33.

If a defendant has not filed an answer at any time after he is required to do so, the plaintiff may take a default judgment against him, provided that the return of citation has been on file with the clerk for at least 10 days, excluding the days of filing and judgment. TEX. R. CIV. P. 107, 239. However, a default judgment may not be granted when the defendant has an answer on file, even if the answer was filed late. TEX. R. CIV. P. 239; *Davis v. Jefferies*, 764 S.W.2d 559, 560 (Tex. 1989) (per curiam) (noting that default judgment was improper even though the answer was not filed on or before answer date, but was filed two hours and twenty minutes before the default judgment was signed, and even though the trial judge was unaware that the answer was filed); *see Alvarez v. Kirk*, No. 04-04-00031-CV, 2004 WL 2480141, at *1 (Tex. App.—San Antonio Nov. 4, 2004, no pet.) (mem. op.) ("If the defendant files an answer after the deadline to answer but before the trial court considers a motion for default judgment, the court cannot render a default judgment."); *see also Rosillo Creek Apartments, LLC v. Austin*, No. 04-11-00884-CV, 2012 WL 2914995, at *2 (Tex. App.—San Antonio July 18, 2012, no pet.) (mem. op.) (same).

Here, Juan contends that he mailed his answer on May 3, 2012. The record before us, however, contains no evidence of when the answer was actually mailed. In fact, Juan concedes that the record does not indicate a postmark date. Instead, Juan asks that we apply common sense and infer that the answer was postmarked on May 3, 2012 in accordance with the "Track

and Confirm" record from the United States Postal Service reflecting that label number 70112970000060290037 arrived "at unit" on Saturday, May 5, 2012. In a lengthy footnote in his brief, Juan explains the procedure for routing mail from Laredo to San Antonio to Del Rio. He asserts that "even without an explicitly-indicated postmark date, the record taken together with the objectively verifiable fact that mail deposited in Laredo takes over 23 hours to travel from Laredo to San Antonio to Del Rio, establishes that the answer was timely filed." Juan concludes that "the time at which the answer was filed must be ascertained through the chain of inference supplied in this footnote."

We respectfully decline to infer that Juan's answer was postmarked, and thus filed, before the entry of the default judgment on May 4, 2012. In a restricted appeal, we are confined to the face of the record, meaning that we cannot infer facts not contained in the record. *See Gold*, 145 S.W.3d at 213 ("[A] restricted appeal requires error that is *apparent*, not error that may be *inferred*.") (emphasis in original). Given that the record does not demonstrate that the answer was filed prior to the entry of the default judgment on May 4, 2012, we cannot conclude that the trial court erred in rendering the default judgment. Because error is not apparent from the face of the record, we overrule Juan's issue on appeal and affirm the judgment of the trial court.

Rebeca C. Martinez, Justice