**Affirmed and Memorandum Opinion filed December 9, 2014.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-13-00966-CV

---

## SONNY V. THOTTUMKAL, Appellant

### V.

## GURNAIB SIDHU, Appellee

---

**On Appeal from the 295th District Court
Harris County, Texas
Trial Court Cause No. 2012-67915**

---

## M E M O R A N D U M   O P I N I O N

Appellant Sonny V. Thottumkal challenges the trial court's summary judgment granting appellee Gurnaib Sidhu a bill of review setting aside a default judgment. In a single issue, Thottumkal asserts that fact issues preclude summary judgment. We affirm.

## BACKGROUND

In June 2010, Sidhu, who resided at 10403 Staghill Drive in Houston, contracted with Thottumkal to complete construction of a new residence at 10703 Grand Estates Drive in Houston. A dispute arose over the performance of the contract, and Thottumkal filed a breach-of-contract suit against Sidhu in June 2011. Thottumkal's suit was filed in the 295th District Court of Harris County, under cause number 2011-36243 (the underlying suit). Thottumkal requested service of citation to Sidhu at Sidhu's old address on Staghill Drive.

In April 2012, after unsuccessfully attempting to serve Sidhu at the Staghill Drive address, Thottumkal sought substitute service on Sidhu at the Grand Estates Drive location. The trial court signed an order on Thottumkal's motion for substitute service, permitting service on Sidhu "by posting a copy of this Order along with the citation and Original Petition & Request for Disclosure on the Defendant's usual place of residence located at 10703 Grand Estate, Houston, Harris County, Texas 77065." The return of service recites that

> a true copy of the subpoena with the date of delivery endorsed on it to the witness Gurnaib Sidhu [was delivered] in person on April 28, 2012, at Gurnaib Sidhu Residence located at 10703 Grand Estate, Houston, Harris County, Texas 77065, which is the home residence of the witness' address [sic].

Thereafter, in June 2012, Thottumkal filed a motion for no-anwer default judgment, identifying the Staghill Drive location in his certificate of last known address, rather than the Grand Estates Drive address. The motion was set for submission on July 9. Thottumkal's certification of service return reflects that the motion for default judgment and notice of submission was sent by certified mail, return receipt requested, to the Staghill Drive address on June 13. There is no return receipt included in the record.

2

On July 7, Sidhu made an appearance and filed a motion to quash for improper service. In this motion, Sidhu requested, among other things, a take-nothing judgment. On July 18, the trial court signed an order granting Thottumkal's motion for default judgment. Sidhu did not receive the clerk's notice of judgment because it was addressed to the Staghill Drive address and the forwarding order to the Grand Estates Drive address had expired. The judgment became final, and, on October 29, 2012, Thottumkal ordered a writ of execution and requested that the constable post Sidhu's property for sale. Thottumkal stated in his letter requesting the execution writ and sale that the last known address for service to Sidhu was 10703 Grand Estate Drive.

After being notified by the constable of the writ of execution and proposed sale of his property in the underlying suit, Sidhu filed the instant verified bill of review, application for temporary restraining order, and request for temporary and permanent injunctive relief on November 14, 2012. The bill of review was initially assigned to the 164th District Court, but was transferred to the 295th District Court. In his bill of review, Sidhu stated

> On July 7, 2012, Plaintiff Dr. Sidhu (Defendant below) had filed an appearance and answer in the underlying case some eleven (11) days before the (apparently mistaken) entry of this Court's July 18, 2012 Default Judgment by filing his Motion to Quash For Improper Service (including a prayer and request that Thottumkal, Defendant herein and Plaintiff below, take nothing by his suit and a prayer and request for general relief). . . . The entry of a default judgment against a defendant that has appeared and answered is void and must be set aside.

The trial court held a hearing on February 15, 2013, on Sidhu's petition. At this hearing, Sidhu asked the trial judge to take judicial notice of the file of the

3

underlying case, which the trial judge did without objection.[1] The judge considered Sidhu's motion to quash filed in the underlying suit and stated, "[T]his filing would constitute an answer to defeat the default judgment." After this hearing, the trial court signed an order requiring Thottumkal "to desist and refrain" from levying and execution on Sidhu's homestead, located at 10703 Grand Estates Drive.

In April, Sidhu filed a traditional motion for summary judgment on his bill of review, asserting, as is applicable here,[2] that the default judgment in the underlying suit was void because it was signed after he appeared and answered, and, further, he was not provided (a) any prior notice of the default judgment motion, (b) the requisite 45-day notice of a default judgment trial setting, or (c) the requisite notice of judgment properly addressed to his last known address. On September 9, 2013, the trial court signed an order granting Sidhu's motion for summary judgment and declaring that the judgment in the underlying suit is "void ab initio" and vacated and setting the underlying suit for trial. From this order, Thottumkal appeals.

---

[1] *See* Tex. R. Evid. 201(d) (providing that a court "shall take judicial notice" when requested by a party and supplied with the necessary information). Sidhu's request that the trial court take judicial notice of its own file in the underlying suit falls within the type of facts amenable to judicial notice because Sidhu requested that the trial court take notice of the timing and nature of the pleadings. *See* Tex. R. Evid. 201(b) ("A judicially noticed fact must be one not subject to reasonable dispute in that it is . . . capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."); *see also In re C.S.*, 208 S.W.3d 77, 81 (Tex. App.—Fort Worth 2006, pet. denied) (explaining that a court may take judicial notice of a file to show that the documents in the file are a part of the court's files, that they were filed with the court on a certain date, and that they were before the court at the time of a hearing); *Trimble v. Tex. Dep't of Protective & Regulatory Serv.*, 981 S.W.2d 211, 215 (Tex. App.—Houston [14th Dist.] 1998, no pet.) ("[A] trial court may take judicial notice of its own records in matters that are generally known, easily proven, and not reasonably disputed.").

[2] Sidihu again requested that the trial court take judicial notice of the files in the underlying suit in his summary judgment motion. *See* sources cited *supra* note 1.

4

## STANDARD OF REVIEW AND APPLICABLE LAW

In a single issue, Thottumkal contends that fact issues precluded summary judgment in favor of Sidhu. We review the trial court's granting of a summary judgment de novo. *Ferguson v. Bldg. Materials Corp. of Am.*, 295 S.W.3d 642, 644 (Tex. 2009) (per curiam). To be entitled to summary judgment under Rule 166a(c), a movant must establish that there is no genuine issue of material fact so that the movant is entitled to judgment as a matter of law. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). We take as true all evidence favorable to the nonmovant and resolve any doubt in the nonmovant's favor. *20801, Inc. v. Parker*, 249 S.W.3d 392, 399 (Tex. 2008). We consider the evidence presented in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable fact finders could, and disregarding evidence contrary to the nonmovant unless reasonable fact finders could not. *Mann Frankfort*, 289 S.W.3d at 848.

Here, the trial court granted Sidhu's bill of review. A bill of review is an equitable proceeding brought by a party seeking to set aside a prior judgment that is no longer subject to challenge by a motion for new trial or appeal. *Caldwell v. Barnes*, 975 S.W.2d 535, 537 (Tex. 1998). To set aside a judgment by bill of review, the plaintiff must ordinarily plead and prove: (1) a meritorious defense to the cause of action alleged to support the judgment, (2) that he was prevented from making by the fraud, accident, or wrongful act of his opponent, (3) unmixed with any fault or negligence of his own. *Id.*

However, a default judgment may not be rendered after the defendant has filed an answer. *Davis v. Jefferies*, 764 S.W.2d 559, 560 (Tex. 1989) (per curiam); *Jackson v. Textron Fin'l Corp.*, No. 14-07-01011-CV, 2009 WL 997484, at *4 (Tex. App.—Houston [14th Dist.] April 14, 2009, no pet.) (mem. op.) ("Jackson's

5

live answer defeats a motion for no-answer default judgment regardless of whether the answer was verified."). "Entry of a post-answer default judgment against a defendant who did not receive notice of the trial setting or dispositive hearing constitutes a denial of due process under the Fourteenth Amendment of the United States Constitution." *Mabon Ltd. v. Afri-Carib Enters., Inc.*, 369 S.W.3d 809, 813 (Tex. 2012) (per curiam). Once a bill-of-review plaintiff proves that (1) he had no notice of the trial setting or the default judgment within an adequate time to pursue alternative legal remedies, and (2) the lack of notice was not due to his own fault or negligence, the first two traditional bill-of-review requirements—a meritorious defense that he was prevented from making by the fraud, accident, or wrongful act of his opponent—are rendered unnecessary, and the final traditional requirement— lack of negligence—is conclusively established. *Id.*

## ANALYSIS

Thottumkal asserts that Sidhu failed to establish his entitlement to a bill of review as a matter of law. Thottumkal does not dispute that Sidhu's motion to quash qualified as an answer.[3] Nonetheless, Thottumkal asserts that Sidhu did not show that he was diligent in monitoring the underlying suit, and thus Sidhu was required to show he was not negligent to obtain a bill of review. *See Abou-Trabi v. Best Indus. Uniform Supply, Inc.*, No. 14-02-01000-CV, 2003 WL 22252876, at *4

---

[3] We agree that this motion to quash constituted an answer: "The Supreme Court of Texas and this court have taken an expansive view of what may be construed an answer in a suit." *Granade v. Granade*, No. 14-10-00340-CV, 2011 WL 2899627, at *2 (Tex. App.— Houston [14th Dist.] July 21, 2011, no pet.) (mem. op.) (citing *Sells v. Drott*, 259 S.W.3d 156, 159 (Tex. 2009) and *Smith v. Lippmann*, 826 S.W.2d 137, 138 (Tex. 1992)). Sidhu's motion to quash had the appropriate header identifying the cause number, plaintiff, defendant, and trial court; it also requested relief, identified Sidhu's proper mailing address, was signed by Sidhu's attorney, and contained Sidhu's attorney's contact information. *Cf. id.* (concluding pro se respondent's fax requesting an extension of time, which contained her signature, phone number, cause number, trial court, and identified her status as a party-respondent in the case, constituted an answer sufficient to defeat a no-answer default judgment).

6

(Tex. App.—Houston [14th Dist.] Oct. 2, 2003, no pet.) (mem. op.) (stating that petitioner in bill-of-review proceeding must establish he was free from fault or negligence in letting default judgment be taken, even if, presumably, petitioner did not receive notice of the default judgment trial setting), *disapproved of by Mabon Ltd.*, 369 S.W.3d at 814 ("We hold that once a bill-of-review plaintiff proves it had no notice of the trial setting or the default judgment, it need not establish that it diligently monitored the status of its case."). But, as explained above, a default judgment may not be rendered after the defendant has filed an answer. *Davis*, 764 S.W.2d at 560; *Jackson*, 2009 WL 997484, at *4. Here, the default judgment was signed *after* Sidhu answered in this suit, which was improper. *See* Tex. R. Civ. P. 239; *Davis*, 764 S.W.2d at 560. Thus, the trial court did not err in granting Sidhu's summary judgment on his bill of review.

Moreover, when a bill-of-review plaintiff proves that, through no fault of his own, he had no adequate notice of the default judgment setting, he need not show a meritorious defense that he was prevented from making ***and*** his lack of negligence is conclusively established. *Mabon Ltd.*, 369 S.W.3d at 813–14; *cf. Duggan v. Carsey*, No. 01-10-00297-CV, 2011 WL 2183771, at *3–4 (Tex. App.—Houston [1st Dist.] June 2, 2011, no pet.) (mem. op.) (in a restricted appeal, holding that error on the face of the record was shown where appellant, who filed an answer, did not receive 45 days' notice of default judgment trial setting). Here, then, if Sidhu's filing of an answer does not by itself entitle him to summary judgment on his bill of review, then he must have conclusively established that, due to no fault of his own, he had no adequate notice of the trial setting on the default judgment hearing.

The following facts are undisputed:

- Sidhu was served with citation by substitute service at his current Grand Estates Drive address on April 28, 2012;[4]

- in June, Thottumkal sent by certified mail, return receipt requested, the motion for default judgment and notice of the default judgment setting to Sidhu's old Staghill Drive address;

- Sidhu filed his answer—his motion to quash—on July 7, 2012, which indicated both his correct address as the Grand Estates Drive address and provided his attorney's address;

- the default judgment was signed on July 18, 2012;

- on August 20, 2012, the notification of the entry of default judgment, which was mailed to Sidhu at the Staghill Drive address—the address Thottumkal certified to the trial court as Sidhu's last known address—was returned to the trial court as undeliverable because the forwarding order had expired;

- on October 29, 2012, Thottumkal sought to have Sidhu's property posted for sale and stated that his "records indicate the last known address for service of notice to Defendant Gurnaib Sidhu is 10703 Grand Estate Drive, Houston, Texas 77065"; and

- Sidhu filed his bill of review action on November 14, 2012.

Our rules of procedure require no less than 45 days' notice in contested cases for a trial setting. Tex. R. Civ. P. 245; *see also Duggan*, 2011 WL 2183771, at *3. The record makes clear that Sidhu did not receive the appropriate notice of the default judgment hearing: the default judgment was signed only eleven days after Sidhu filed his answer. Nothing in our record indicates that Sidhu was at fault for the failure of adequate notice; instead, it appears that Thottumkal either purposefully or inadvertently attempted service of the default judgment motion on Sidhu's prior, rather than current, address. Further, the requisite notice of the default judgment was not delivered to Sidhu; this notice was returned to the trial court because the forwarding order had expired. There is nothing in the record to

---

[4] Our disposition of this case makes it unnecessary to consider the adequacy of the substitute service and return.

suggest that Sidhu was negligent in his failure to receive notice of the default judgment. *Cf. Mabon Ltd.*, 396 S.W.3d at 813.

Accordingly, because Sidhu proved that (1) he had no notice of the trial setting or the default judgment within an adequate time to pursue alternative legal remedies, and (2) the lack of notice was not because of his own fault or negligence, he did not need to show proof of a meritorious defense to the underlying suit. *See id.* at 813–14. Further, his own lack of negligence is conclusively established. *See id.*; *cf. Duggan*, 2011 WL 2183771, at *3–4. Thus, the trial court did not err in granting summary judgment in favor of Sidhu.

## CONCLUSION

For the foregoing reasons, we overrule Thottumkal's issue and affirm the trial court's judgment.


/s/        Sharon McCally
                Justice

Panel consists of Justices McCally, Brown, and Wise.