

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-20-00278-CV

Israel Jesus **CEDILLO**,
Appellant

v.

Donna Lynn **MANN**,
Appellee

From the County Court, Gillespie County, Texas
Trial Court No. 16108CCL
Honorable Mark Stroeher, Judge Presiding

Opinion by:    Beth Watkins, Justice

Sitting:        Patricia O. Alvarez, Justice
               Irene Rios, Justice
               Beth Watkins, Justice

Delivered and Filed: August 11, 2021

REVERSED AND REMANDED

This appeal concerns the validity of a no-answer default judgment rendered in favor of appellee Donna Lynn Mann and against appellant Israel Jesus Cedillo. In a single issue, Cedillo argues the answer he filed made the default judgment improper. We agree.

## BACKGROUND

Mann filed a petition for divorce on November 4, 2019 and had Cedillo served with citation the next day. The citation commanded him "to appear by filing a written answer to the Original Petition at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after

the date of service hereof, before the 216th District Court of Texas, at the Courthouse in Fredericksburg, Texas." This, he did not do. The trial court held a final hearing on February 25. According to the time stamps in the reporter's record, the hearing began at 1:46 p.m. After noting Cedillo's absence and failure to answer, the trial court heard evidence then rendered the parties divorced at 2:55 p.m. The trial court signed the final decree of divorce and the district clerk's office file-stamped it at 3:00 p.m.

Meanwhile, at 2:00 p.m., Cedillo filed an original answer. The record does not indicate that the trial court was aware the answer had been filed.

Cedillo timely filed a motion to set aside the default judgment,[1] then appealed.

## ANALYSIS

Cedillo complains that the trial court erred by granting a no-answer default judgment against him when he actually had an answer on file. Mann filed a response asking us to dismiss the appeal.

### Applicable Law and Standard of Review

Texas Rule of Civil Procedure 239 provides that, "at any time after a defendant is required to answer, the plaintiff may in term time take judgment by default against such defendant if he has not previously filed an answer[.]" TEX. R. CIV. P. 239. As was true before Rule 239 was promulgated, this means that at "any time before a judgment by default has been actually announced by the court, a defendant has the right to file his answer." *City of Jefferson v. Jones*, 12 S.W. 749, 749 (Tex. 1889). A no-answer default judgment cannot be rendered after the defendant has filed a facially valid answer. *Sells v. Drott*, 259 S.W.3d 156, 159 (Tex. 2008) (per

---

[1] It appears that motion was never set for a hearing, although the appellate record contains an order "dismissing" that motion on the oral agreement of the parties.

curiam); *Santex Roofing & Sheet Metal, Inc. v. Venture Steel, Inc.*, 737 S.W.2d 55, 56 (Tex. App.—San Antonio 1987, no writ).

This is true where the defendant files the answer after the due date, *Davis v. West*, 433 S.W.3d 101, 108–09 (Tex. App.—Houston [1st Dist.] 2014, pet. denied), or even after an evidentiary hearing starts, *Dowell Schlumberger, Inc. v. Jackson*, 730 S.W.2d 818, 819 (Tex. App.—El Paso 1987, writ ref'd n.r.e.), and regardless of whether the trial court is aware of the filing. *Davis v. Jefferies*, 764 S.W.2d 559, 560 (Tex. 1989) (per curiam).

When, as here, we are not required to review evidence, we review a default judgment de novo to determine whether it was rendered in compliance with governing statutes and rules. *Furst v. Smith*, 176 S.W.3d 864, 869 (Tex. App.—Houston [1st Dist.] 2005, no pet.) (noting appellate court indulges no presumptions in favor of compliance with the rules in performing de novo review of no-answer default judgment); *see* W. Wendell Hall & Ryan G. Anderson, *Standards of Review in Texas*, 50 ST. MARY'S L.J. 1099, 1186 (2019).

*Application*

Although there is a "deadline" for filing an answer, an answer may also be filed at any time before default. TEX. R. CIV. P. 99(b); TEX. R. CIV. P. 239. The trial court could not render a default judgment because Cedillo's answer, though filed after the answer deadline and during the hearing itself, was filed before the judgment was rendered. *Sells*, 259 S.W.3d at 159; *Santex Roofing & Sheet Metal, Inc.*, 737 S.W.2d at 56; *Davis*, 433 S.W.3d at 109; *Dowell Schlumberger*, 730 S.W.2d at 818–20; *see In re C.G.*, No. 04-13-00245-CV, 2014 WL 769193, at *2 (Tex. App.—San Antonio Feb. 26, 2014, no pet.) (mem. op.); *Halm v. Halm*, No. 14-05-00123-CV, 2006 WL 239852, at *1 (Tex. App.—Houston [14th Dist.] Feb. 2, 2006, no pet.) (mem. op.). And this is true even though the trial court was unaware that Cedillo had even filed an answer. *Davis*, 764 S.W.2d at 560. The trial court erred when it signed a no-answer default judgment after Cedillo filed an answer. *See*

*id*. Because this error caused the rendition of an improper judgment, we are required to reverse it. *See* TEX. R. APP. P. 44.1(a)(1).

## CONCLUSION

Having concluded Cedillo is entitled to have the default order set aside, we reverse the February 25, 2020 Final Decree of Divorce and remand the case to the trial court for further proceedings consistent with this opinion.

Beth Watkins, Justice