Opinion issued August 6, 2024



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-23-00217-CV

_____

**MCJ ENGINES, LLC AND MOHIT JAGWANI, Appellants**

**V.**

**ROBERT KEARNEY, Appellee**

---

**On Appeal from the 270th District Court**
**Harris County, Texas**
**Trial Court Case No. 2021-81114**

---

## MEMORANDUM OPINION

Appellee Robert Kearney sued appellants MCJ Engines, LLC and Mohit Jagwani (collectively, MCJ) for various causes of action, including breach of contract, asserting that MCJ delivered to him a used engine even though the parties' contract provided for delivery of a new engine. The trial court rendered a

default judgment in Kearney's favor, and MCJ subsequently filed notice of a restricted appeal.[1] MCJ argues in its sole issue that "[t]he trial court erred when it executed a default judgment order thirty-nine (39) days after [MCJ] filed [its] Original Answer."

We conclude that the trial court erroneously rendered a no-answer default judgment after MCJ filed its answer. We reject Kearney's contention that we can affirm the judgment as a post-answer default judgment because there is no record of the purported evidentiary hearing. We, therefore, sustain MCJ's restricted appeal. We reverse the trial court's judgment and remand for further proceedings.

## Background

Kearney filed suit against MCJ on December 14, 2021, alleging that the parties entered into a contract in which MCJ promised, in relevant part to "sell and deliver a brand new complete Perkins 404D22T Engine" to Kearney. Despite this contractual obligation, MCJ delivered a used engine to Kearney. Kearney alleged that he tendered performance of his obligations and also "demanded mediation with no response from [MCJ]." Kearney alleged that he sustained damages

---

[1] This is an opinion on rehearing. This Court dismissed this case on July 11, 2023, for failure to pay the filing fee or establish indigence for purposes of appellate costs. *See MCJ Engines, LLC v. Kearney*, No. 01-23-00217-CV, 2023 WL 4424857 July 11, 2023, no pet.) (mem. op.). MCJ then filed for rehearing, asserting that, upon receiving notice of the July 11 opinion and judgment, MCJ paid the filing fee in full and sought reinstatement of its appeal. This Court granted the motion for rehearing, withdrew its July 11 opinion and judgment, and reinstated the appeal on the active docket.

including the cost of the incorrect engine, "the returned engine core charge," and freight charges. Kearney alleged causes of action for breach of contract, promissory estoppel, violation of the Texas Deceptive Trade Practices Act, fraud, and negligent misrepresentation. Kearney also sought attorney's fees pursuant to Civil Practice and Remedies Code Chapter 38. MCJ was notified of this petition, and it waived formal service through its counsel.

Because MCJ had not filed an answer, Kearney moved for default judgment on July 8, 2022, approximately seven months after the petition was filed. Kearney asserted that the "cause of action is based upon a liquidated claim arising from a breach of contract between [Kearney] and [MCJ]." Kearney further asserted that, due to MCJ's breach, he was entitled to default judgment in the amount of $25,200, plus pre- and post-judgment interest and reasonable attorney's fees in the amount of $1,500. Kearney attached evidence that MCJ's counsel accepted service of the lawsuit on behalf of MCJ, acknowledging receipt of service and waiving formal service of process on December 20, 2021. He also provided his own affidavit setting out the facts of the case. He averred that he entered into a contract with MCJ to provide a new "Perkins 414D22T Engine" and paid MCJ for the engine as agreed by the parties. Kearney's affidavit set out the details of his discovery that the engine sent by MCJ was not new and did not meet the agreed criteria. He stated that he attempted to resolve the issue with MCJ but was

3

unsuccessful, and he averred that he sought $25,200 in damages "after applying all lawful offsets, payments, and credits" but "exclusive of interest, attorney's fees, and costs of court." With his affidavit, Kearney included a copy of a written invoice and sale agreement. Finally, Kearney's attorney provided an affidavit in support of his attorney's fees. The affidavit stated that Kearney's counsel charged $300 per hour to engage in conferences and correspondence, to prepare and file a petition and the motion for default judgment, among other services, resulting in reasonable and necessary attorney's fees totaling $1,500. The attorney's fee affidavit was accompanied by billing records. MCJ was provided notice of this dispositive motion, again through counsel.

Kearney set its motion for hearing on August 15, 2022. He notified MCJ of the hearing through its counsel, who acknowledged receipt of the notice on August 10. Neither MCJ nor its attorney participated in the default-judgment hearing held at 10:00 a.m. on August 15, 2022. No record was made of this hearing. On the same day as the hearing, but later at 3:25 p.m. on August 15, 2022, MCJ filed a general denial. There is no record that MCJ responded to Kearney's motion for default judgment or that the general denial was presented to the trial court or otherwise brought to the trial court's attention.

The trial court signed an order granting Kearney's motion and entering default judgment against MCJ on September 23, 2022. In the judgment, the trial

court recited that Kearney's "cause of action is based on a liquidated claim arising from a breach of contract, all as alleged in Plaintiffs Original Petition." The trial court found "that [Kearney] has suffered actual damages in the sum of $25,200.00, together with an accrual of pre-judgment interest until the date of judgment and reasonable attorneys' fees as provided by law in the amount of $1,500.00." The judgment therefore ordered that Kearney recover against MCJ $25,200 in damages, $1,500 in attorney's fees, pre- and post-judgment interest, and court costs, as requested in the motion for default judgment.

The docket sheet indicates that MCJ called the clerk's office regarding the default judgment on October 17, 2022, which was within 30 days of rendition of the judgment. The notation reflects that MCJ's attorney "called regarding the Default that was signed on 9/23/22 when he filed an Answer on 9/15/22" and that "[h]e will get on ZOOM to ask Judge what needs to be done to change the Default."[2] Another docket sheet notation dated December 1, 2022, stated, "The case is needing to be active as an Answer was filed but the Default was signed anyway. The attys are in agreement that the Default should be VOID." MCJ did not take further action, such as by filing a motion for new trial or motion to

---

[2]     We note that there is an apparent discrepancy between the notice of hearing and file-stamp on MCJ's answer, both of which indicate that the hearing and the filing of the answer occurred on August 15, 2022, and the docket sheet, which contains a notation that the hearing occurred on September 15, 2022. The parties appear to agree that the hearing was held and MCJ's answer was filed on August 15, 2022, and the actual documents filed in the record support this conclusion.

reconsider. It did not file a timely notice of appeal, but instead filed, on March 20, 2023, its notice of restricted appeal.

**Restricted Appeal of Default Judgment**

To sustain a proper restricted appeal, the filing party must prove: (1) it filed notice of the restricted appeal within six months after the judgment was signed; (2) it was a party to the suit; (3) it did not participate in the hearing that resulted in the judgment complained of; and (4) error is apparent on the face of the record. TEX. R. APP. P. 30; *Pike-Grant v. Grant*, 447 S.W.3d 884, 886 (Tex. 2014); *Ins. Co. of State of Penn. v. Lejeune*, 297 S.W.3d 254, 255 (Tex. 2009). The first three elements are not disputed here. We will therefore focus on the issue of error apparent on the face of the record.

MCJ argues that the trial court erred in granting default judgment because the judgment was signed after MCJ filed its answer. MCJ cites caselaw providing that, if a defendant files an answer after the deadline to answer but before the trial court considers a motion for default judgment, the court cannot render a default judgment. We agree with MCJ.

## A.    Relevant Law

### 1.    *No-answer default judgments*

Rule 239 provides that, "at any time after a defendant is required to answer, the plaintiff may in term time take judgment by default against such defendant if

6

he has not previously filed an answer" so long as the return of service has been on file with the clerk for the appropriate length of time. TEX. R. CIV. P. 239. However, a no-answer default judgment may not be granted when the defendant has an answer on file, even if the answer was filed late. *See Davis v. West*, 433 S.W.3d 101, 109 (Tex. App.—Houston [1st Dist.] 2014, pet. denied) ("Once an answer is on file, even if it is filed after the due date, the district court may not render a no-answer default judgment."); *see also Davis v. Jeffries*, 764 S.W.2d 559, 560 (Tex. 1989) (per curiam) (holding that no-answer default judgment was improper even though answer was not filed on or before answer date, but was filed two hours and twenty minutes before default judgment was signed, and even though trial court was unaware answer had been filed); *Dowell Schlumberger, Inc. v. Jackson*, 730 S.W.2d 818 (Tex. App.—El Paso 1987, writ ref'd n.r.e.) (holding that no-answer default was inappropriate because answer, even though it was late-filed, had been filed before judgment was signed). A defendant can file his answer at any time before the trial court grants default judgment. *Davis*, 433 S.W.3d at 108; *see Davis*, 764 S.W.2d at 560.

### 2. *Post-answer default judgments*

In contrast to a no-answer default judgment, a post-answer default judgment is one rendered when a party has filed an answer but nevertheless fails to appear at trial. *See, e.g.*, *Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 925 (Tex.

7

2009); *Stoner v. Thompson*, 578 S.W.2d 679, 682 (Tex. 1979); *see also Whitaker v. Rose*, 218 S.W.3d 216, 220-21 (Tex. App.—Houston 14th Dist.] 2007, no pet.) (discussing differences between post-answer default judgments and no-answer default judgments). In the context of a post-answer default, a judgment cannot be rendered on the pleadings. *See Dolgencorp of Tex.*, 288 S.W.3d at 930. The plaintiff still must offer evidence and prove its case. *Paradigm Oil, Inc. v. Retamco Operating, Inc.*, 372 S.W.3d 177, 183 (Tex. 2012); *Sharif v. Par Tech, Inc.,* 135 S.W.3d 869, 873 (Tex. App.—Houston [1st Dist.] 2004, no pet.); *In re E.M.W.*, No. 14-10-00964-CV, 2011 WL 5314525, at *4 (Tex. App.—Houston [14th Dist.] Nov. 3, 2011, no pet.) (mem. op.) (holding that plaintiff still must offer evidence and prove its case for judgment following contested trial).

"If the judgment is rendered after presentation of evidence to the court in the absence of the appellant and his attorney, the failure to have the court reporter present to make a record constitutes reversible error." *Sharif*, 135 S.W.3d at 873 (quoting *Chase Bank v. Harris Cnty. Water Control & Improvement Dist.*, 36 S.W.3d 654, 655 (Tex. App.—Houston [1st Di.st.] 2000, no pet.)). "Such error is not harmless because, without a reporter's record, this Court is unable to determine if sufficient evidence was submitted to support the judgment." *Id*. at 873 (quoting *Chase Bank*, 36 S.W.3d at 655–56).

**B.    Analysis**

The record here demonstrates that the trial court's judgment was an improper no-answer default judgment. When Kearney filed his motion for default judgment, MCJ had not filed an answer. At the time the hearing was noticed and held, MCJ still had no answer on file. However, following the hearing on Kearney's motion, MCJ filed a general denial. The trial court did not sign the default judgment until September 23, 2022, more than a month after MCJ filed its answer. Nothing in the record demonstrates that Kearney's motion for default judgment was amended to address MCJ's filing of its answer. Nothing in the record reflects that the case was given a trial setting or other dispositive hearing. A no-answer default judgment was thus not appropriate once MCJ's answer— although untimely—was on file. *See, e.g.*, *Davis*, 764 S.W.2d at 560 (affirming intermediate appellate court's judgment reversing no-answer default granted by trial court hours after defendant's answer was filed); *Jackson*, 730 S.W.2d at 819 (concluding that trial court could not properly enter default judgment when defendant's answer, although untimely, was filed while evidentiary hearing was being conducted and before judgment was announced).

Kearney's arguments on appeal appear to challenge the effect of MCJ's late-filed answer. He argues that the trial court clerk's knowledge that MCJ's answer was filed is not imputed to the trial judge, and thus, MCJ's "mere filing of a

9

document" did not create a duty to act on the part of the trial court when it signed its order. We observe, however, that the Supreme Court of Texas has affirmed the reversal of a no-answer default judgment rendered after the defendant filed its answer even though the trial court was unaware the answer had been filed. *Davis*, 764 S.W.2d at 560.

Kearney also argues that the trial court did not treat the case as a no-answer default but instead "held a hearing and required evidence from Kearney before it rendered judgment." However, even if we were to conclude that the hearing on Kearney's motion held before MCJ filed its answer constituted an evidentiary hearing, no record was made of the hearing on Kearney's motion for default judgment. "Because the defendant may challenge the sufficiency of the evidence on appeal, the lack of a reporter's record requires reversal." *Dansk Express, LLC v. IPFS Corp.*, No. 01-22-00621-CV, 2023 WL 4937497 at *7 (Tex. App.—Houston [1st Dist.] Aug. 3, 2023, no pet.) (mem. op.) (citing *Carstar Collision, Inc. v. Mercury Fin. Co.*, 23 S.W.3d 368, 370 (Tex. App.—Houston [1st Dist.] 1999, pet. denied)); *Sharif*, 135 S.W.3d at 873; *see also Whitaker*, 218 S.W.3d at 220 ("[T]he lack of a reporter's record in a post-answer default judgment requires reversal.").

Thus, even if we were to construe the trial court's judgment as a post-answer default judgment, rather than a no-answer default judgment, the lack of a reporter's record would require reversal. *See Dansk Express*, 2023 WL 4937497 at *7;

10

*Whitaker*, 218 S.W.3d at 220. Kearney points to evidence attached to his motion for default judgment, which was included in the clerk's record. Documents attached to the motion for default judgment, however, are not equivalent to evidence admitted at trial. *See Paradigm Oil, Inc.*, 372 S.W.3d at 183 (requiring that, when defendant has answer on file, plaintiff must offer evidence and prove its case).

Kearney also argues that MCJ made no effort to establish its right to have the default judgment set aside under the elements set out in *Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124 (Tex. 1939) (establishing elements of proof required for trial court to grant motion for new trial following default judgment). The *Craddock* elements have no bearing on whether an appellant is entitled to relief from an adverse judgment in a restricted appeal. *See Sutherland v. Spencer*, 376 S.W.3d 752, 754 (Tex. 2012). Craddock establishes the requirements that a defendant must establish for a trial court to set aside a post-answer default judgment on motion for new trial, not the elements required to determine whether an appellant is entitled to relief from an adverse judgment in a restricted appeal. *See Fidelity & Guar. Ins. Co. v. Drewery Constr. Co.*, 186 S.W.3d 571, 573–74 (Tex. 2006) (discussing difference between restricted appeal, brought directly in appellate court where record is limited, and motion for new trial or bill of review,

11

filed in trial court where record can be developed). Thus, this argument is also unavailing.

Because the trial court granted the default judgment after MCJ filed its answer, and there was no record made of the hearing, we conclude that MCJ has established error on the face of the record. *See Whitaker*, 218 S.W.3d at 220 ("[T]he lack of a reporter's record in a post-answer default judgment requires reversal.").

Accordingly, we sustain MCJ's restricted appeal.

## Conclusion

We reverse the judgment of the trial court and remand for further proceedings. We dismiss any pending motions as moot.[3]

Richard Hightower
Justice

Panel consists of Justices Hightower, Rivas-Molloy, and Farris.

---

[3] Kearney filed a second motion to dismiss the appeal for want of prosecution on November 29, 2023, that was carried with the case. In the motion, Kearney complained of MCJ's multiple delays in prosecuting the appeal. MCJ subsequently filed its brief, however, and in light of our disposition of the appeal, we dismiss this motion as moot.

12